Robert C. Weems (CA SBN 148156)
WEEMS LAW OFFICES
Fair-Anselm Plaza, 2d Fl. W
751 Center Blvd.
Fairfax, CA 94930
Telephone: (415) 259-0294
Facsimile: (415) 259-0108

Attorneys for Plaintiff
MOTOR WORKS, LLC

FILED
08 JUL 28 PM 4:08
RICHARD W. WIEKING
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

CV 08 3608 RS

| | |
|---|---|
| MOTOR WORKS LLC, | Case No: |
| Plaintiffs, | |
| v. | COMPLAINT |
| SAFER TECHNOLOGIES, INC., CERMA TECHNOLOGY, INC., GEORGE ACKERMAN, MARY STRANAHAN, NICHOLAS STREIT, TIM STREIT and EDWARD HALBACH | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff MOTOR WORKS LLC ("Plaintiff"), for its complaint herein against defendant SAFER TECHNOLOGIES, INC., CERMA TECHNOLOGY, INC., GEORGE ACKERMAN, MARY STRANAHAN, TIM STREIT, NICHOLAS STREIT, and EDWARD HALBACH alleges as follows:

## JURISDICTION AND VENUE

1. This action arises in part under 15 USC §1051-1127 (hereinafter the "Lanham Act") and the common law of unfair competition, as more fully set forth below.

2.    This Court has jurisdiction of this action under 28 U.S.C. §§1331, 1338(a) and (b), and under the Lanham Act.

3.    Venue is proper in this judicial district under 28 U.S.C. §§1391(b) and (d) because a substantial part of the events or omissions giving rise to the claims occurred here.

## INTRADISTRICT ASSIGNMENT

4.    The San Francisco Division is the appropriate intradistrict assignment as a substantial part of the events or omissions giving rise to this action occurred within one or more of its associated counties.

## THE PARTIES

5.    Plaintiff, MOTOR WORKS LLC, is a corporation organized under the laws of the State of Nevada with its principal place of business in Texas and offices in the state of California.

6.    Plaintiff is informed and believes, and on that basis alleges, that

(i) Defendant SAFER TECHNOLOGIES, INC. is a corporation organized under the laws of the State of Delaware and that its principal place of business in Montana;

(ii) Defendant CERMA TECHNOLOGY, INC. is a corporation and has its principal place of business is in Iowa;

(iii) Defendant GEORGE ACKERMAN is a resident of Montana;

(iv) Defendant MARY STRANAHAN is a resident of Montana;

(v) Defendant NICHOLAS STREIT is a resident of Iowa;

(vi) Defendant TIM STREIT is a resident of Iowa; and

(vii) Defendant EDWARD HALBACH is a resident of Iowa.

## COMMON ALLEGATIONS

7.  Plaintiff is a leading developer, manufacturer and distributor of certain ceramic lubrication oil additives. Due to the nature of its business, plaintiff's intellectual property is one of its most valuable assets.

8.  Plaintiff has been continuously involved in developing, manufacturing and distributing ceramic lubrication oil additives since its inception. Since early 2006 it has marketed oil additives under the trademark CERMA including the marks CERMA, CERMA LUBRICATION, CERMAX, CERMA ENGINE LUBE, CERMA LUBE, CERMA ADVANCED LUBRICATION TECHNOLOGY, CERMA ORGANIC establishing a family of CERMA marks. Plaintiff has advertised, marketed and distributed its products under its CERMA family of marks throughout the United States and internationally. Plaintiff's trademark has become, through widespread and favorable industry acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality products and its good will.

9.  Plaintiff has devoted substantial time, effort and resources to the development and promotion throughout the United States of the CERMA family of marks and of the goods sold under said marks both domestically and internationally. Plaintiff has also expanded its use of CERMA into a family of marks associated with its products including motor coatings. As a result of these promotional efforts, the purchasing public has come to know, rely upon, and recognize the business and services of Plaintiff by such name and mark. By virtue of Plaintiff's marketing efforts and expenditures, and as a result of the excellence of its products, Plaintiff's marks have achieved a valuable reputation and a high degree of goodwill.

10. Plaintiff has recently learned that Defendants are using confusingly similar marks and marks owned by Plaintiff for oil additives. Defendant has also filed federal trademark applications for certain marks, including: CERMAX and CERMA ADVANCED LUBRICATION TECHNOLOGY.

11. Plaintiff is informed and believes, and on that basis alleges, that at least Defendant CERMA TECHNOLOGY, INC. and SAFER TECHNOLOGIES, INC. manufacture or have manufactured and sell oil additives improperly reverse engineered in violation of a

distribution agreement between MOTOR WORKS, LLC and CERMA TECHNOLOGY, INC.. Plaintiff is informed and believes, and on that basis alleges, that at least these Defendants are a direct competitor of Plaintiff in this respect. That the respective products are directly competitive is evinced by a page from Defendant CERMA TECHNOLOGY, INC.'s website which uses Plaintiff's promotional and research materials as if Defendants' own.

12. Defendant has adopted and used the trademarks CERMAX and CERMA ADVANCED LUBRICATION TECHNOLOGY in interstate commerce for oil additives, despite Plaintiff's established common law rights in, and imminent registration for, trademarks within the CERMA family of marks. Plaintiff is informed and believes, and on that basis alleges, that Defendant adopted its marks with full knowledge of Plaintiff's products and trademarks and with the intention that consumers would be confused into believing that Defendants' products were sponsored, associated or affiliated in some way with Plaintiff and its products.

13. Plaintiff has no control over the nature and quality of Defendants' products. Any failure, neglect or default by Defendant in providing such products will reflect adversely on Plaintiff as the believed source of origin thereof, hampering efforts by Plaintiff to continue to protect its reputation for high quality products. This will cause Plaintiff, *inter alia*, to lose sales and the benefit of its considerable expenditures to promote its products under its CERMA family of marks, all to Plaintiff's detriment.

14. Because Plaintiff's and Defendants' products are directly competitive, it is natural for consumers to assume that said products and their sources are associated or affiliated. Such a result significantly undermines Plaintiff's substantial efforts to establish its identity in this field. Plaintiff has requested that Defendant cease and desist from infringing Plaintiff's trademark, but Defendant has refused to comply with said requests. Despite Plaintiff's requests, Defendant, with actual notice of the infringement, willfully and blatantly continues to advertise and market its products under the CERMAX and CERMA ADVANCED LUBRICATION TECHNOLOGY marks. Said acts of infringement will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights, and Plaintiff has no adequate remedy at law.

## COUNT I

### (FALSE DESIGNATION OF ORIGIN)

15. Plaintiff incorporates herein all of the allegations contained in Paragraphs 1 through 14 of this Complaint.

16. Plaintiff's CERMA family of trademarks have become uniquely associated with, and hence identifies, Plaintiff. Defendants' interstate use of the designation CERMAX and CERMA ADVANCED LUBRICATION TECHNOLOGY marks is a false designation of origin, or a false representation, that wrongfully and falsely designates Defendants' products as originating from, or being connected with, Plaintiff and constitutes the use of false descriptions or representations in interstate commerce. Defendants' use is likely to deceive consumers into believing that Defendants' products are those of or associated with Plaintiff, and as a consequence, Defendants' use is likely to divert, and has diverted, consumers away from Plaintiff's products.

17. Defendants' actions described above and specifically, without limitation, Defendants' use of the CERMAX and CERMA ADVANCED LUBRICATION TECHNOLOGY marks to promote its goods to the same audience as that for Plaintiff's goods constitutes a false designation of origin and unfair competition in violation of the Lanham Act.

18. Defendants' adoption and use of a mark so similar to Plainitff's CERMA family of marks has caused, and continues to cause, irreparable injury to the value and goodwill of Plaintiff's mark, as well as to Plaintiff's business, goodwill and reputation. Defendants' actions, if not enjoined, will continue, including the sale of its services through the same channels of trade used by Plaintiff and to the same customers targeted by Plaintiff. Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

19. As a result of Defendants' false designation of origin and unfair competition, Plaintiff has incurred and will continue to incur damages in an amount to be proven at trial consisting of, among other things, actual diversion of trade and diminution in the value of the goodwill associated with its trademark.

20. Defendants' actions as described above are deliberate, willful, fraudulent and without any extenuating circumstances, and constitute a knowing violation of Plaintiff's rights. Upon registration of one or more of its CERMA family of marks, Plaintiff is entitled to recover three times the amount of its actual damages and attorneys' fees and costs incurred in this action, as this is an "exceptional" case under Section 35 of the Lanham Act, 15 U.S.C. §1117.

## COUNT II
### (COMMON LAW UNFAIR COMPETITION)

21. Plaintiff incorporates herein all of the allegations contained in Paragraphs 1 through 20 of this Complaint.

22. By virtue of Defendants' acts as pleaded above, Defendant has engaged in unfair competition with Plaintiff.

## COUNT III
### (CALIFORNIA UNFAIR COMPETITION LAW)

23. Plaintiff incorporates herein all of the allegations contained in Paragraphs 1 through 22 of this Complaint.

24. By virtue of Defendants' acts as pleaded above, Defendant has engaged in unfair competition in violation of California Business and Professions Code §§17200, et seq.

25. Defendants' acts of unfair competition and false advertising have caused and continue to cause irreparable injury to the value and goodwill of Plaintiff's CERMA family of marks, as well as to Plaintiff's business, goodwill and reputation. Defendants' actions, if not enjoined, will continue through the same channels of trade used by Plaintiff and to the same customers targeted by Plaintiff. Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

26. As a result of Defendants' acts of unfair competition and false advertising, Plaintiff has incurred damages in an amount to be proven at trial consisting of, among other things, actual diversion of its trade and diminution in the value of goodwill associated with Plaintiff and the CERMA family of marks.

## COUNT IV

### (CALIFORNIA ANTI-DILUTION VIOLATION)

27. Plaintiff incorporates herein all of the allegations contained in Paragraphs 1 through 26 of this Complaint.

28. Defendants' acts, as pleaded above, have caused injury and there exists a further likelihood of injury, to Plaintiff's business reputation and of dilution of the distinctive quality of Plaintiff's CERMA family of marks and forms of advertisement of same, within California Business and Professions Code §14330.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

1. That Defendant, its officers, agents, servants, employees, and attorneys and all those persons in active concert or participation with them be forthwith preliminarily and thereafter permanently enjoined and restrained from:

   a. Using any of the CERMA family of trademarks or any confusingly similar designation alone or in combination with other words, as a trademark, trade name component or otherwise, to market, advertise or identify Defendants' products.

   b. Otherwise infringing Plaintiff's marks;

   c. Unfairly competing with Plaintiff in any manner whatsoever; and

   d. Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiff's symbols, labels, or forms of advertisement.

2. That Defendant be directed to file with this Court and serve on Plaintiff within ten days after the service of the injunction herein, a report in writing under oath, setting forth in detail the manner and form in which defendant has complied therewith;

3. That Defendant be required to deliver up and destroy all devices, literature, advertising and other material bearing the infringing designation;

4. That Plaintiff be awarded Defendants' trademark infringement profits after an accounting, and that such an award be trebled, pursuant to 15 USC §1117(a);

5. That Plaintiff be awarded past and future corrective advertising costs;

6. That Plaintiff be awarded exemplary and punitive damages in an amount to be proven at trial.

7. That Plaintiff recover from Defendant its reasonable attorneys' fees and costs in this suit, and that such an award be trebled, pursuant to 15 USC §1117(a); and

8. That Plaintiff has such other and further monetary or other relief as the Court may deem just.

July 28, 2008                                WEEMS LAW OFFICES


                                             _____
                                             Robert C. Weems, attorneys for Plaintiff
                                             Motor Works LLC

JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury of all issues so triable.

July 28, 2008

                                              WEEMS LAW OFFICES

_____
Robert C. Weems, attorneys for Plaintiff
Motor Works LLC

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
MOTOR WORKS, LLC

## DEFENDANTS
SAFER TECHNOLOGIES, INC., CERMA TECHNOLOGY, INC., GEROGE ACKERMAN, MARY STRANAHAN, TIM STREIT, NICHOLAS STREIT, EDWARD HALBACH

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert C. Weems, SBN 148156  (415) 259-0293 main
WEEMS LAW OFFICES  (415) 259-0108 fax
Fair-Anselm Plaza, W. 2d Fl.
751 Center Blvd.
Fairfax, CA 94930

Attorneys (If Known)

08 3608 RS (9)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## IV. NATURE OF SUIT (Place an "X" in One Box Only)
[X] 840 Trademark

## V. ORIGIN
(blank)

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1117

Brief description of cause:
trademark infringement and unfair competition

## VII. REQUESTED IN COMPLAINT:

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE: July 24, 2008
SIGNATURE OF ATTORNEY OF RECORD