James M. Hanavan, State Bar No. 66097
Kristen E. Drake, State Bar No. 202827
CRAIGIE, McCARTHY & CLOW
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 732-7788
Facsimile: (415) 732-7783

Attorneys for Defendants
SAFER TECHNOLOGIES, INC.,
CERMA TECHNOLOGY, INC.,
GEORGE ACKERSON, NICHOLAS STREIT,
EDWARD HALBACH and MARY STRANAHAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOTOR WORKS LLC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SAFER TECHNOLOGIES, INC., CERMA TECHNOLOGY, INC., GEORGE ACKERMAN, MARY STRANAHAN, NICHOLAS STREIT, TIM STREIT and EDWARD HALBACH,<br><br>　　　　　Defendants. | Case No.: 08-CV-03608 RS<br><br>**DEFENDANT MARY STRANAHAN'S ANSWER TO COMPLAINT** |

　　　　Defendant Mary Stranahan ("Defendant Stranahan") has no employment or agency relationship with any of the other defendants.  Defendant Stranahan is neither an officer nor a director of either of the named entity defendants, Safer Technologies, Inc. and Cerma Technology, Inc.  She has never served in a managerial or decision making capacity for either of the named entity defendants.

　　　　Defendant Stranahan hereby answers the Complaint of Plaintiff Motor Works, LLC ("Complaint") as follows:

## JURISDICTION AND VENUE

　　　　1.　　These allegations constitute conclusions of law as to which no answer is required.

2. These allegations constitute conclusions of law as to which no answer is required.

3. Defendant Stranahan admits that if the Complaint alleged sufficient claims, venue would be proper in this District under the statutes cited.

## INTRADISTRICT ASSIGNMENT

4. Defendant Stranahan observes that this case has been assigned to the San Jose Division, and on that basis denies the allegations of Paragraph 4 of the Complaint.

## THE PARTIES

5. Defendant Stranahan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies the allegations.

6. Defendant Stranahan admits the allegations contained in subparts (i), (iii) and (iv) of Paragraph 6 of the Complaint. Defendant Stranahan is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 6 of the Complaint, and therefore denies the allegations.

## COMMON ALLEGATIONS

7. Defendant Stranahan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies the allegations.

8. Defendant Stranahan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies the allegations.

9. Defendant Stranahan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies the allegations.

10. Defendant Stranahan is informed and believes and on that basis admits that Safer Technology, Inc. has pending applications with the United States Patent and Trademark Office for registration of the trademarks CERMAX (Application Serial No. 77/471,782) and CERMA ADVANCED LUBRICATION TECHNOLOGY (Application Serial No. 77/479,731) as

1  trademarks in connection with automobile lubricants and chemical additives for enhancing the
2  performance of lubricating oils, greases and internal combustion engines.  Except as so admitted,
3  Defendant Stranahan denies each and every allegation of Paragraph 10 of the Complaint.

4       11.     Defendant Stranahan is informed and believes and on that basis admits that Cerma
5  markets and sells automobile lubricants and chemical additives for enhancing the performance of
6  lubricating oils, greases and internal combustion engines.  Defendant Stranahan is further
7  informed and believes and on that basis admits that Safer has acquired Cerma and all of its assets,
8  including its trademarks CERMAX and CERMA ADVANCED LUBRICATION
9  TECHNOLOGY.  Defendant Stranahan is without knowledge or information sufficient to form a
10 belief as to the truth of the allegations of the second sentence of Paragraph 11, and therefore
11 denies the allegations.  Except as so admitted and denied, Defendant Stranahan denies each and
12 every allegation of Paragraph 11 of the Complaint.

13      12.     Defendant Stranahan is informed and believes and on that basis admits that the
14 trademarks CERMAX and CERMA ADVANCED LUBRICATION TECHNOLOGY were
15 created as work-made-for-hire for Cerma, and that Cerma and Safer have used and continue to
16 use these trademarks on the Cerma website, www.cermatechnology.com, and in other interstate
17 commerce in connection with automobile lubricants and chemical additives for enhancing the
18 performance of lubricating oils, greases and internal combustion engines.  Except as so admitted,
19 Defendant Stranahan denies each and every allegation of Paragraph 12 of the Complaint.

20      13.     Defendant Stranahan is informed and believes and on that basis admits that, as of
21 in or about May 2008, Plaintiff has no control over the nature and quality of the products of
22 Cerma and Safer.  Except as so admitted, Defendant Stranahan denies each and every allegation
23 of Paragraph 13 of the Complaint.

24      14.     Defendant Stranahan is informed and believes and on that basis admits that Cerma
25 and Safer continue to use the CERMAX and CERMA ADVANCED LUBRICATION
26 TECHNOLOGY trademarks in the connection with advertisement and marketing of its
27 automobile lubricants and chemical additives products for enhancing the performance of
28

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

lubricating oils, greases and internal combustion engines. Except as so admitted, Defendant Stranahan denies each and every allegation of Paragraph 14 of the Complaint.

## COUNT I

### (FALSE DESIGNATION OF ORIGIN)

15. Defendant Stranahan re-alleges and incorporates by reference the responses made above to Paragraphs 1 through 14 of the Complaint.

16. Defendant Stranahan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies the allegations.

17. Defendant Stranahan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies the allegations.

18. Defendant Stranahan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies the allegations.

19. Defendant Stranahan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies the allegations.

20. Defendant Stranahan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies the allegations.

## COUNT II

### (COMMON LAW UNFAIR COMPETITION)

21. Defendant Stranahan realleges and incorporates by reference responses made above to Paragraphs 1 through 20 of the Complaint.

22. Defendant Stranahan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies the allegations.

## COUNT III

### (CALIFORNIA UNFAIR COMPETITION LAW)

23. Defendant Stranahan realleges and incorporates by reference responses made above to Paragraphs 1 through 22 of the Complaint.

24. Defendant Stranahan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore denies the allegations.

25. Defendant Stranahan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore denies the allegations.

26. Defendant Stranahan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore denies the allegations.

## COUNT IV

### (CALIFORNIA ANTI-DILUTION VIOLATION)

27. Defendant Stranahan realleges and incorporates by reference responses made above to Paragraphs 1 through 26 of the Complaint.

28. Defendant Stranahan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore denies the allegations.

### ANSWER TO PRAYER FOR RELIEF

29. Defendant Stranahan denies that Plaintiff is entitled to any of the relief requested in Paragraphs 1 through 8 of the Prayer for Relief of the Complaint, or any other relief.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

30. The Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted as to Defendant Stranahan.

## SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

31. Plaintiff lacks standing to assert each of its claims because Defendant Stranahan is informed and believes and on that basis alleges that Plaintiff does not own the rights to the asserted trademarks.

## THIRD AFFIRMATIVE DEFENSE

(Acquiescence)

32. Defendant Stranahan is informed and believes and on that basis alleges that each of Plaintiff's claims is barred by the application of the doctrine of acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

33. Defendant Stranahan is informed and believes and on that basis alleges that Plaintiff is barred from asserting each of its claims by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

34. Defendant Stranahan is informed and believes and on that basis alleges that each of Plaintiff's claims is barred by the doctrines of waiver and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

(Express and Implied License)

35. Defendant Stranahan is informed and believes and on that basis alleges that, to the extent, if any, that Plaintiff has or had any ownership rights to the asserted trademarks, Plaintiff conferred an express or implied license to Defendants to use and otherwise exploit the asserted trademarks.

## SEVENTH AFFIRMATIVE DEFENSE

(Additional Defenses)

36. Defendant Stranahan hereby gives notice that she intends to rely upon any additional affirmative defenses which become available or apparent during discovery and thus reserves the right to amend her answer to assert such additional defenses.

PRAYER FOR RELIEF

Wherefore, Defendant Stranahan prays for judgment as follows:

1. That the Complaint and each purported claim therein be dismissed with prejudice;

2. That Plaintiff take nothing by reason of its Complaint herein;

3. That the Court award Defendant Stranahan and require Plaintiff to pay Defendant Stranahan the cost of her attorneys' fees and costs incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: April 3, 2009                                CRAIGIE, McCARTHY & CLOW


_____*/s/ James M. Hanavan*_____
James M. Hanavan
Attorneys for Defendants
SAFER TECHNOLOGIES, INC.,
CERMA TECHNOLOGY, INC.,
GEORGE ACKERSON, NICHOLAS STREIT,
EDWARD HALBACH and MARY STRANAHAN

Defendant Mary Stranahan's Answer to Complaint