Robert C. Weems (CA SBN 148156)
WEEMS LAW OFFICES
Fair-Anselm Plaza, 2d Fl. W
751 Center Blvd.
Fairfax, CA  94930
Telephone: (415) 259-0294
Facsimile: (415) 259-0108

Attorneys for Plaintiff
  MOTOR WORKS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| MOTOR WORKS LLC, | Case No: 08-cv-03608-RS |
| Plaintiffs, | |
| v. | PLAINTFF MOTIOR WORKS LLC'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |
| SAFER TECHNOLOGIES, INC., CERMA TECHNOLOGY, INC., GEORGE ACKERMAN, MARY STRANAHAN, NICHOLAS STREIT, TIM STREIT and EDWARD HALBACH | |
| Defendants. | |

OVERVIEW

Defendants' motion for summary adjudication [sic] should be denied.  It is nothing but a pharisaic effort to capitalize on an inadvertent, quickly corrected calendaring error concerning plaintiff's responses to requests for admissions. Moreover, even given effect those deemed admissions–being in the present tense–would merely operate to cap recoverable damages to defendant's infringing conduct prior to July 1, 2009, the date responses were due.  They do not support a grant summary judgment, as defendants contend.

More significantly, there is substantial evidence and legal support for plaintiff's claims of unfair competition and trademark infringement. Such evidence includes, but is not limited to the following:

(1) The CERMAX label used by defendants (and upon which Safer based its Trademark application) itself indicates the mark is under "License from Motor Works LLC;" (Murray Declaration Exhibit 1, ser. No. 77471782, Specimens)

(2) John Murray of Motor Works LLC devised and approved the CERMAX mark (Murray Declaration Exhibit 2, Murray email to Streit dated October 31, 2006);

(3) John Murray of Motor Works LLC exercised exclusive control over all CERMAX advertising materials (Murray Declaration Exhibit 3, Taggart email dated June 12, 2007 to Murray "I was just informed by Nick that you need to be informed and to approve on any advertising");

(4) Defendants admit that they were distributor's of the Motor Works LLC product, which right to distribute and use the marks in suit were terminated in April 2008 (a month prior to the fraudulent application for trademark filed by defendant Safer Technologies)(Murray Declaration Exhibit 4, Murray email dated April 18, 2008 to Halbach and Streit);

(5) Even after the filing of the present lawsuit and after defendants admit no longer obtaining product from Motor Works LLC, defendants continued through at least mid-October 2008 to identify Motor Work LLC as its source of supply through unauthorized use of plaintiff's UPC code on defendant's knock off product (Murray Declaration Exhibit 4, photos of 2oz. CERMAX bottle).

Accordingly, as there is evidence sufficient to support Plaintiff's claims (even if this Court limits the damages period), Defendants' motion for summary judgment should be denied.

Even where it otherwise, the motion should be denied or continued pursuant to Federal Rules of Civil Procedure, Rule 56 (f), as defendants have failed to produce any documents in response to plaintiff's discovery requests, which production would be defeat the present motion. (Murray Declaration at Paragraph 8).

SUMMARY JUDGMETN STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett,* 477 U.S. 317, 323-24 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion . . . ." *Id.* at 323. "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The non-moving party "may not reply merely on allegations or denials in its own pleading; rather, its response must by affidavits or as otherwise provided in this rule set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

When evaluating a motion for summary judgment, the court views the evidence through the prism of the evidentiary standard of proof that would pertain at trial. *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 255 (1986). The court draws all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight that particular evidence is accorded. See, e.g., *Masson v. New Yorker Magazine, Inc*., 501 U.S. 496, 520 (1992). The court determines whether the non-moving party's "specific facts," coupled with disputed background or contextual facts, are such that a reasonable jury might return a verdict for the non-moving party. *T.W. Elec. Serv. v. Pac. Elec. Contractors*, 809 F.2d 626, 631 (9th Cir. 1987). In such a case, summary judgment is inappropriate. *Anderson*, 477 U.S. at 248. However, where a rational trier of fact could not find for the non-moving party based on the record as a whole, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

DISCUSSION

*Cerma Technology, Inc's License to Use CERMAX and the Other Marks Was Terminated By Its Manufacturer Motor Works LLC*

The very trademark application filed by Safer Technologies (following termination of Cerma Technologies license from Motor Works LLC) indicates that the CERMAX trademark

1 was used by Cerma Technology, Inc. under a license from plaintiff Motor Works LLC. (Murray
2 Declaration at Exhibit 1). Moreover there is direct evidence that Cerma Technology was a
3 licensee as established by Mr. Murray testimony and the contemporaneous evidence of the
4 parties conduct. (See, Murray Declaration). Accordingly, there is substantial evidence
5 establishing that Cerma Technology was a licensee and that its license terminated in April 2008.

6     It is well settled that use of a trademark outside the scope of the license constitutes
7 trademark infringement. *ElFoiloLoco v. Hashim,* 316 F. 3d 1032, 1038 (9th Cir. 2003) (affirming
8 the grant of a preliminary injunction upon a showing that the defendant continued to use the
9 plaintiff's trademark after the plaintiff terminated the license). A licensee's right to use a
10 trademark is limited to the terms of the Agreement, which defines the boundaries of permitted
11 use of the trademark. *Id* Any sale of goods or services outside those permitted boundaries is
12 considered infringements of the mark because such a sale is likely to cause confusion among
13 consumers. *Id*; see also, *Baskin Robbins Ice Cream Co. v. D & L Ice Cream Co.*, 576 F. Supp.
14 1055, 1060 (E.D.N.Y. 1983) (holding that the sale by a licensee of unauthorized products with
15 plaintiff's trademark was outside the scope of the license, was likely to confuse the public into
16 thinking that such products were manufactured or authorized by the trademark owner and
17 constituted trademark infringement).

18     Here, defendants' permission to use the marks terminated no later than April 2008.
19 (Murray Declaration Exhibit 3). They admit continued use, however, and indeed continue to use
20 the mark and Motor Works LLC's other proprietary identifying information (e.g., UPC Codes) to
21 improperly pass off their product as that of plaintiff Motor Works LLC. (Murray Declaration,
22 Paragraph 7, Exhibit 4). Motor Works LLC, accordingly, can establish by clear and convincing
23 evidence that it is the true owner of the CERMAX and other marks at issue and entitled to
24 prevail on its claims against the defendants herein.
25     ///
26
27
28

*Motor Works LLC Is Legally Presumed the Owner of the CERMAX and Other Marks Such That Safer's Failure to Inform The USPTO Constituted Fraud In the Procurement of Registration*

Moreover, assuming *arguendo* and contrary to fact that Cerma Technology was not a licensee, it is admitted that it was distributing product it understood to be manufactured by Motor Works LLC.  Under such circumstances it is well settled that:

> "In the absence of an agreement determining ownership, both the courts and the Trademark Board will presume that the manufacturer of goods is the owner of the trademark of those goods.  This rule applies to both domestic and foreign manufacturers."

(McCarthy on Trademarks § 16:48 pp 16-84 to 16-85, citing cases)

Safer Technologies failure to inform the United States Patent and Trademark Office of the manufacturer-distributor relationship is sufficient evidence of fraud in Safer's procurement of registration that Motor Works LLC will be able to prevail on its claims herein.  Accordingly, there are multiple grounds under which Motor Works LLC may prevail on the merits and defeat Safer's claims in the CERMAX mark (the only mark defendant claim to have registered) by clear and convincing evidence and to establish its claims under the rest of the CERMA family of marks by a preponderance of the evidence.

*Motor Works LLC's Failure to Timely Respond To Requests For Admissions, Nor Any Other Shortcomings In Its Discovery Responses, Do Not Support Summary Judgment*

Although plaintiff failed to timely respond to certain discovery, that failure is insufficient to support summary judgment in favor of defendants. At best, it may serve as a limit on damages. Moreover, plaintiff quickly corrected the oversight as to the requests for admissions preventing any prejudice to defendants.  As defendants have chosen to pursue their pharisaic advantage, plaintiffs shall seek appropriate relief from this court for its oversight. Accordingly, plaintiff's discovery shortcomings are insufficient grounds to support defendants' motion.

*Defendant's Failure To Produce Documents In Response To Discovery Requests Is Sufficient Basis To Deny The Present Motion*

As set forth in the declaration Mr. Murray, defendant's failure to produce documents has denied plaintiff with evidence showing that defendants committed fraud on the United States Patent and Trademark office in the procurement of their registration.  These documents would

1  show defendants misrepresented the first use in commerce of the CERMAX mark. Accordingly,
2  defendants' motion should be denied pursuant to Rule 56(f).

## CONCLUSION

For the reasons set forth herein, and such other argument and evidence as may be presented at the time of hearing, defendants' motion for summary judgment should be denied.

September 14, 2009                              WEEMS LAW OFFICES

                                                Robert C. Weems, attorneys for Plaintiff
                                                Motor Works LLC

Case5:08-cv-03608-JW Document41 Filed09/14/09 Page7 of 7