James M. Hanavan, State Bar No. 66097
Kristen E. Drake, State Bar No. 202827
CRAIGIE, McCARTHY & CLOW
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 732-7788
Facsimile: (415) 732-7783

Attorneys for Defendants
SAFER TECHNOLOGIES, INC.,
CERMA TECHNOLOGY, INC.,
GEORGE ACKERSON, MARY STRANAHAN,
NICHOLAS STREIT and EDWARD HALBACH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOTOR WORKS LLC,<br><br>   Plaintiff,<br><br>vs.<br><br>SAFER TECHNOLOGIES, INC., CERMA TECHNOLOGY, INC., GEORGE ACKERMAN, MARY STRANAHAN, NICHOLAS STREIT, TIM STREIT and EDWARD HALBACH,<br><br>   Defendants. | Case No.: 08-CV-03608 JW<br><br>**MOTION TO SHORTEN TIME FOR HEARING OF DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**OR IN THE ALTERNATIVE DEFENDANTS' MOTION TO REOPEN DISCOVERY TO COMPEL RESPONSES TO DEFENDANTS' OUTSTANDING DISCOVERY AND COMPLETE THE DISCOVERY PROCESS** |

///

///

///

///

///

1

Motion to Shorten Time for Hearing

I.  **Introduction**

Defendants have filed a Motion for Leave to File a Motion for Reconsideration of the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment or in the Alternative, Defendants' Motion to Reopen Discovery to Compel Responses to Defendants' Outstanding Discovery and Complete the Discovery Process which is set for hearing on January 11, 2010. Defendants move to shorten time for hearing on this motion and propose that the hearing be set for December 21st, any opposition papers filed by December 11th and any reply papers filed by December 14th. Defendants move to shorten time because the pendency of this lawsuit, having no factual support whatsoever, has significantly hampered Defendant Safer Technologies business operations and resulted in significant lost sales of engine additive under its registered CERMAX brand name.

II. **Argument**

A. **Defendants' Request For Leave to File a Motion for Reconsideration of the Court's Summary Judgment Order Is Based on the Fact that Plaintiff Motor Works is *NOT* The Manufacturer of the Product**

The Court's Summary Judgment Order identifies Plaintiff Motor Works as the *manufacturer* of the product at issue (Order, page 7, line 22) and heavily relies on a case between a manufacturer and a distributor. However, both Plaintiff and Defendants in this case are nonexclusive *distributors* of the engine additive product at issue, a chemical product named BYK-333. The *manufacturer* of the product is a German based company, ALTANA AG.

Thus, Defendants do not understand the Court's reliance on *Sengoku Works Ltd. v. RMC International, Ltd.*, 96 F.3d 1217 (9th Cir. 1996). This case was not cited by either party and involves a lawsuit by a product *manufacturer* against a product *distributor* for violation of an oral exclusive distribution agreement. Plaintiff Motor Works falsely alleges it is the manufacturer of BYK-333, basing its infringement and related claims on this falsehood. However, the undisputed facts establish that the statement is false, and further establish that the mark/name in dispute, CERMAX, is registered to Defendant Safer Technologies, Inc.

### B. Alternatively, Defendants Move to Reopen Discovery to Compel Discovery Responses to Outstanding Discovery and to Complete The Discovery Process

In its summary judgment order, the Court held that it "construes plaintiff's Opposition as, in part, a motion for the Court to recognize plaintiff's July 6, 2009 answer to the interrogatories as responsive to defendants' requests for admissions." [Order, page 5, lines 15-16.] But, Plaintiff never responded in any way to Defendants' interrogatories. Instead, on July 6, 2009, it belatedly severed denials to all but one of Defendants' requests for admissions.

In the alternative, and pursuant to the Court's court (Order, page 5, lines 17-18), Defendants request that discovery be reopened so that Defendants can compel responses to their outstanding discovery and complete the discovery process. Defendants are unaware of any facts which would support Plaintiff's claims, but Plaintiff has failed and refused to respond to discovery. The discovery has been outstanding since June.

Significantly, defendant Safer, who acquired the "CERMAX" tradename from its registered owner Cerma Technology, Inc., has expended substantial money, time and effort marketing BKY-333 to distributors throughout the United States under that name. Defendant Cerma Technology, Inc. spent some $30,000 in conducting a tradename search and protecting the tradename and related mark from infringement by registration with the United States Patent Office.

The undisputed evidence supporting all of the foregoing facts is presently before this Court, and Plaintiff has offered nothing to meet the burden of proof which it has both under federal law and as the plaintiff asserting the pending claims. *Qualitex Co. v. Jacobson Products Co., Inc.* 13 F.3d 1297, 1301 (9th Cir. 1994); *Vuitton et Fils S.A. v. J. Motor Worksng Enterprises, Inc.*, 644 F.2d 769, 775 (9th Cir.1981). In the circumstances, Defendant Safer Technologies must proceed to trial to protect its federal registration, substantial investment and business reputation if Defendants' Summary Judgment Motion is not granted on a Motion for Reconsideration.

///

///

///

1  Dated: December 8, 2009                           CRAIGIE, McCARTHY & CLOW

                                                    _/s/ James M. Hanavan_
                                                    By: James M. Hanavan
                                                    Attorneys for Defendants
                                                    SAFER TECHNOLOGIES, INC.,
                                                    CERMA TECHNOLOGY, INC.,
                                                    GEORGE ACKERSON,
                                                    MARY STRANAHAN,
                                                    NICHOLAS STREIT and
                                                    EDWARD HALBACH

Motion to Shorten Time for Hearing