Robert C. Weems (CA SBN 148156)
WEEMS LAW OFFICES
Fair-Anselm Plaza, 2d Fl. W
751 Center Blvd.
Fairfax, CA  94930
Telephone: (415) 259-0294
Facsimile: (415) 259-0108
rcweems@weemslawoffices.com

Attorneys for Plaintiff
  Motor Works, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

| | |
|---|---|
| MOTOR WORKS, LLC,<br><br>    PLAINTIFF,<br><br>V.<br><br>SAFER TECHNOLOGIES, INC, CERMA TECHNOLOGY, INC., GEORGE ACKERMAN, MARY STRANAHAN, NICHOLAS STREIT, TIM STREIT AND EDWARD HALBACH,<br><br>    DEFENDANTS. | Case No. 08-cv-03608-JW<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND<br><br>Date:    March 8, 2010<br>Time:   0900 AM<br>Loc:     Ctrm 8<br>Judge:  Hon. James S. Ware<br><br>Trial Date: March 16, 2010 |

**TABLE OF CONTENTS**

I. OVERVIEW OF PROCEEDINGS ....................................................................... 1

II. Defendants' current motion TO ADD A NEW PARTY and "Compulsory counterclaims" ............................................................................................................ 3

III. discussion ............................................................................................................ 4

   A. Defendants' Motion to Amend Their Answer to Add a New Party and Assert Counterclaims Should Be Denied For Failing to Establish "Good Cause" For Its Delay In Asserting Compulsory Counterclaims ...................................................... 4

   B. Defendant's Motion Fails Even Under Standards of Liberal Amendment and Should Be Denied ...................................................................................................... 5

   C. Defendants Repeated Representation They Did Not Intend to Pursue Counterclaims Evidences Bad Faith Justifying Denial of Their Motion .............. 9

   D. Defendants Possible Assertion That They are Seeking to Add Supplemental Claims ...................................................................................................................... 10

   E. Defendants' Counterclaim 5 Is Futile As California Business & Professions Code §§14320 – 14340 Have Been Superseded By Statute ................................ 11

   F. Amendment by Cerma Technology, Inc. Would Be Futile As It No Longer Exists as a Separate Legal Entity .......................................................................... 12

IV. CONCLUSION ................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013 (ND California 2006)....5

*Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir.1989).........7

*Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998)................10

*Callan v. Amdahl Corp.*, Civ. No. C-94-0295, 1995 WL 261420, *5, 1995 U.S.
    Dist. LEXIS 5684, *13-15 (N.D.Cal.1995).......................................................7

*Campania Management, Inc. v. Rooks, Pitts & Poust*, 290 F. 3d 843, 848-49 ( 7th
    Circuit 2002)....................................................................................................6

*Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429,
    1431 (N.D. Cal. 1991) .....................................................................................5

*Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003) ..........5

*Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir.
    2005) ...............................................................................................................4

*In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437-38 (8th Cir.1999) ..................4

*Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990) ............................6

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.1992)........4

*Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) .................................................10

*Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir.2003) ..........................................4

*Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 947-48 (C.D. Cal. 1996).....5

*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)...6

*Netbula, LLC v. Bindview Dev. Corp.*, No. C06-00711, 2007 WL 2221070, at *4
    1156 (N.D.Cal. Aug. 2, 2007) .........................................................................7

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001) ........5

*Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.2000)....................4

*Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1090 (N.D. Cal. 2008)
    ........................................................................................................................2

*Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) ........................................................................................................... 10

*Port of Stockton v. Western Bulk Carrier KS*, 371 F. 3d 1119, 1120 (9th Circuit 2004) ............................................................................................................. 5

*Scognamillo v. Credit Suisse First Boston*, LLC, 587 F. Supp. 2d 1149,1155-56 (ND California 2008) ................................................................................... 7

*SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518-19 (10th Cir.1990) ................ 4

*Solomon v. North Am. Life & Cas. Ins*. Co., 151 F.3d 1132, 1139 (9th Cir.1998) ... 9

*Swanson v. United States Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) ............... 6

*Trimble Navigation Ltd. v. RHS, Inc.*, Case No. C 03-1604 PJH (ND California 2007) ............................................................................................................. 4

*Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ... 6

*Young v. City of New Orleans*, 751 F.2d 794, 800-801 (5th Cir. 1985) .................. 9

*Zivkovic v. Southern California Edison Co.*, 302 F. 3d 1080, 1087 (9th Circuit 2002). ............................................................................................................ 6

**Statutes**

15 U.S.C. § 1125(a) ................................................................................................ 2

Cal. Bus. & Prof. Code §§ 17200 .......................................................................... 2

California Business and Professions Code § 14330 .............................................. 2

**Rules**

Federal Rule of Civil Procedure, Rule 13 ............................................................. 5

Federal Rules of Civil Procedure, Rule 15 ........................................................... 5

Federal Rules of Civil Procedure, Rule 17 ......................................................... 12

## I.         OVERVIEW OF PROCEEDINGS

This trademark action was filed on July 28, 2008 by Motor Works, LLC, the manufacturer of a gas additive, against a former distributor—Cerma Technology, Inc., its parent company—Safer Technologies, Inc., and, related individual defendants. (Dkt 1) Trial is scheduled to commence March 16, 2010.

Defendants Safer Technologies, Inc., Cerma Technology, Inc., George Ackerson, Nicholas Streit, and Edward Halbach answered October 2, 2008. (Dkt 13) Defendant Mary Stranahan answered April 6, 2009. (Dkt 30)

The pleadings have been settled since November 19, 2008, when the parties first indicated that no amendments to the pleadings were anticipated. (Dkt 19) On January 30, 2009, the parties again stated that no amendment of the pleadings was anticipated. (Dkt 25) On June 23, 2009, Defendants' separate Case Management Statement stated they did not anticipate any amendment of the pleadings. (Dkt 32) Again on July 6, 2009, Defendants repeated that position, stating:

"Defendants do not anticipate any amendments of the pleadings."

(Dkt 34)

On August 31, 2009, Defendants moved for summary adjudication on all causes of action. (Dkt 36) On November 13, 2009, Defendants' motion was granted in part and denied in part. Specifically, the Court granted partial summary judgment against Plaintiff's fourth cause of action (California Anti-Dilution Statute) on the basis that:

> California Business and Professions Code § 14330 was repealed by statute, effective January 1, 2008. *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1090 (N.D. Cal. 2008) (citing Stats. 2007, c. 711 (A.B. 1484), § 1). "The repeal of a statute creating a penalty, running either to an individual or the state, at any time before final judgment, extinguishes the right to recover the penalty." *Id*.

(Dkt 45).

In all other respects, Defendants' motion was denied. (*Id.*) On December 7, 2009, Defendants' moved for leave to seek reconsideration. (Dkt 46). That motion was denied on December 16, 2009. (Dkt 51)

The three causes of action at issue for trail are, as follow:

(1) false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a),
(2) common law unfair competition, 15 U.S.C. § 1125(a), and
(3) violation of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. (*Id.*)

On January 25, 2010, Defendants Safer Technologies, Inc. and Cerma Technology, Inc. filed a motion for leave to file counterclaims. (Dkt 55) On January 27, 2010, Defendants Safer Technologies and Cerma Technology, Inc.

1  also filed (1) a motion for a temporary restraining order (Dkt 67) and (2) a motion
2  to shorten time to hear its motion for leave to file counterclaims (Dkt 64).

4  On February 11, 2010, the motion for a temporary restraining order and the
5  motion to shorten time were denied. (Dkt 76)

## II. DEFENDANTS' CURRENT MOTION TO ADD A NEW PARTY AND "COMPULSORY COUNTERCLAIMS"

Defendants Safer Technology, Inc. and Cerma Technology, Inc. seek leave to amend their Answer to add a variety of counterclaims under the following labels: (1) Trade Libel; (2) Federal Trademark Infringement; (3) Violation of the Lanham Act –Unfair Competition; (4) Violation of the Lanham Act—Dilution; and (5) Common and State Statutory Law Trademark Infringement, Unfair Competition and Dilution.[1] The Motion "is made on the grounds that defendants' counterclaims are compulsory and justice requires that leave to file the proposed counterclaims be granted." (Dkt 55)

---

[1] Although labeled as five counterclaims, the true number of claims Defendants want to add at this late stage is a bit unclear as the proposed amendment to the defendants' pleadings ignores Federal Rules of Civil Procedure 10(b)'s requirement that, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate claim or defense." The Counterclaims are a classic example of shotgun pleading alleging, *inter alia*, all state law claims in a single count. See *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366-67 (11th Cir. 1996) (failure to "present each claim for relief in a separate count, as required by Rule 10(b)," constitutes shotgun pleading and undermines the ability of a court to administer justice). Similarly, each count in the proposed amended pleading incorporates by reference all allegations of the previous counts making determination of the factual basis for each claim uncertain. *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions.").

With trial just weeks away, Defendants also seek to add a new party, Mr. John Murray, an individual and resident of Texas.

## III. DISCUSSION

### A. Defendants' Motion to Amend Their Answer to Add a New Party and Assert Counterclaims Should Be Denied For Failing to Establish "Good Cause" For Its Delay In Asserting Compulsory Counterclaims

A party seeking to amend the pleadings, after the deadline set for such amendments in the scheduling order, must satisfy a "good cause" requirement. See, e.g., *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.2000); *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005); *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir.2003); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437-38 (8th Cir.1999); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.1992). See also, *Trimble Navigation Ltd. v. RHS, Inc.*, Case No. C 03-1604 PJH (ND California 2007)

This requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay. See *Parker*, 204 F.3d at 340-41; *Hawthorne*, 431 F.3d at 228; *Leary*, 349 F.3d at 907; *In re Milk Prods.*, 195 F.3d at 437-38; *Johnson*, 975 F.2d at 609-10. *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518-19 (10th Cir.1990)(as to counterclaims).

Here the Court's scheduling order does not specifically address the deadline for moving to amend as the parties represented (repeatedly) that the pleadings would not be amended. Under such circumstances, a party seeking to amend is required to demonstrate "good cause" to amend. *Port of Stockton v. Western Bulk*

*Carrier KS*, 371 F. 3d 1119, 1120 (9th Circuit 2004). Defendants have failed to do so. Accordingly, their motion should be denied.

**B. Defendant's Motion Fails Even Under Standards of Liberal Amendment and Should Be Denied**

Assuming *arguendo* and contrary to fact that Defendants could meet their burden to show good cause for their delay in seeking to amend their answer to add a new party and counterclaims, amendment should not be permitted even under the liberal standards of Federal Rule of Civil Procedure, Rule 13 and 15.

The standards governing a motion for leave to file a counterclaim pursuant to Federal Rule of Civil Procedure 13(f) are the same as those governing a motion for leave to amend a pleading under Rule 15(a). *Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 947-48 (C.D. Cal. 1996); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1431 (N.D. Cal. 1991). As this Court has noted:

> "Fed.R.Civ.P. 15(a)'s edict that "leave shall be freely given when justice so requires" is "to be applied with extreme liberality." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001) (citations omitted)). Absent prejudice or a strong showing of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendment, or futility of amendment, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital* 316 F.3d at 1052.

*Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013 (ND California 2006).

Less liberality is called for, however, where the amendment seeks to add new parties. *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th

1 Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than
2 amendments adding parties").

4      Moreover, not all of the factors merit equal weight. *Eminence Capital, LLC
5 v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2002)(per curiam). The
6 consideration of prejudice to the opposing party carries the greatest weight, and is
7 the "touchstone of the inquiry under Rule 15(a)." *Id*. at 1052.  And, although delay
8 is not a dispositive factor in the amendment analysis, it is relevant, *Morongo Band*
9 *of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), especially when
10 no reason is given for the delay. *Swanson v. United States Forest Serv.*, 87 F.3d
11 339, 345 (9th Cir. 1996). Where the legal basis for a cause of action is tenuous,
12 futility supports the refusal to grant leave to amend. *Morongo Band*, 893 F.2d at
13 1079.

15     Although leave to amend "shall be freely given when justice so requires,"
16     Fed.R.Civ.P. 15(a), it "is not to be granted automatically." *Jackson v. Bank*
17     *of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990). The district court may deny
    a motion for leave to amend if permitting an amendment would, among
18     other things, cause an undue delay in the litigation or prejudice the opposing
19     party. See *id*.

21 *Zivkovic v. Southern California Edison Co*., 302 F. 3d 1080, 1087 (9th Circuit
22 2002).

24      Accordingly, courts recognize that adding new causes of action which
25 require additional discovery and delay when discovery is about to close, is itself
26 prejudicial. *Id*.  *Campania Management, Inc. v. Rooks, Pitts & Poust*, 290 F. 3d
27 843, 848-49 ( 7th Circuit 2002)("denial of motion to amend "was proper because

1  Campania failed to act with diligence and the proposed amendment would have
2  injected a new issue into the case on the eve of trial.")
3
4  Indeed, the timing of a motion to amend to add counterclaims is a significant
5  indicia of prejudice, as Judges Henderson and Jenkins have each observed:
6
7  > Prejudice is heightened when a Plaintiff seeks to amend a complaint late in
8  > litigation. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161
9  > (9th Cir.1989). Such prejudice may result when the new allegations add
10 > claims based on different legal theories or require proof of different facts.
11 > See, e.g., *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387-88 (9th Cir.1990)
12 > (affirming denial of leave to add claims based on different legal theories and
13 > requiring proof of different facts). Other courts have found intolerable
14 > prejudice when plaintiffs have sought to add defendants a month before the
15 > close of discovery when nearly all pre-trial work was complete. See, e.g.,
16 > *Acosta-Mestre v. Hilton Intern. of Puerto Rico*, 156 F.3d 49, 52-53 (1st
17 > Cir.1998) (reasoning that the current defendant would be prejudiced by
18 > additional discovery and postponement of trial because defendant might
19 > have to alter strategy and tactics to deal with theories involving the new
20 > defendants); *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir.1993) (noting
21 > that increased complexity would have resulted if leave to amend to add new
22 > claims had been granted); *Callan v. Amdahl Corp.*, Civ. No. C-94-0295,
23 > 1995 WL 261420, *5, 1995 U.S. Dist. LEXIS 5684, *13-15 (N.D.Cal.1995)
24 > (denying leave to amend "fourteen months after plaintiff first filed his
25 > complaint, only two weeks before the discovery cut-off and two months
26 > before trial," even though "plaintiff complains he could not file his proposed
27 > amended complaint until he had received certain discovery from
28 > defendants").

*Scognamillo v. Credit Suisse First Boston*, LLC, 587 F. Supp. 2d 1149,1155-56 (ND California 2008), citing *Netbula, LLC v. Bindview Dev. Corp.*, No. C06-00711, 2007 WL 2221070, at *4 1156 (N.D.Cal. Aug. 2, 2007) (finding undue

1 prejudice where proposed amendments come after the close of discovery, and
2 involved adding Doe defendants, two new claims, and new factual allegations).
3
4 So it is here.
5
6 As an initial matter, the new party to be added—Mr. Murray, is an
7 individual and resident of the State of Texas, and defendants' allegations are not
8 based on his status as an officer of Motor Works LLC but upon individual conduct
9 concerning "products and services sold by other entities owned and/or controlled
10 by John Murray." Defendants, accordingly, are not looking to add a camel on the
11 verge of trial (itself bad enough), but are broadcasting that they consider their
12 amendment no more than the camel's nose. Defendants proposed amendments
13 would, accordingly, dramatically expand the scope of these proceedings which
14 otherwise would remain focused on enjoining defendants' continued use of
15 Plaintiff's mark.
16
17 Indeed, Plaintiff fashioned limited and pointed discovery in this case based
18 on the lack of affirmative claims against it and focused on overcoming the half-
19 dozen affirmative defense asserted. See, Declaration Of Robert C. Weems In
20 Support Of Plaintiff's Memorandum In Opposition To Motion For Leave To
21 Amend, Exhibit "A". So too, the lack of affirmative claims against Plaintiff and
22 the limited scope of relief sought has informed the decisions of both parties to
23 forego discovery they might otherwise have pursued. [2] *Id*. As discovery is closed

---

[2] For example, Plaintiff's request for "all documents that refer or relate to or that evidence Cerma Technology, Inc.'s claim to ownership of, or a right to use, the CERMAX mark," was met with the same response as each and every other request: "The request is objected to on the basis of relevancy since the documents requested are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Microsoft Corp. v EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding party objects to this request to the extent that it is

1  and trial is scheduled to commence in less than 30 days, Plaintiff would be suffer
2  substantial prejudice –including the defendants continued alienation of plaintiff's
3  trademarks—from a re-opening and expansion of the case. "A need to reopen
4  discovery and therefore delay the proceedings supports a district court's finding of
5  prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp.*
6  *v. Network Solutions, Inc.*, 194 F. 3d 980, 986 (9th Circuit 1999) citing *Solomon v.*
7  *North Am. Life & Cas. Ins*. Co., 151 F.3d 1132, 1139 (9th Cir.1998).  Accordingly,
8  the motion for leave to amend should be denied and this matter should be
9  permitted to proceed to trial as schedule.

**C. Defendants Repeated Representation They Did Not Intend to Pursue Counterclaims Evidences Bad Faith Justifying Denial of Their Motion**

Compulsory counterclaims are those which the pleader has "at the time of serving the pleading". (FRCP Rule 13(a)). A counterclaim that has neither matured nor arisen at the time a defendant answers is not compulsory, even if it arises out of the same transaction as plaintiff's claim. (*Young v. City of New Orleans*, 751 F.2d 794, 800-801 (5th Cir. 1985)).

Defendant Safer Technologies, Inc. and Cerma Technology, Inc.'s Motion "is made on the grounds that defendants' counterclaims are compulsory," conceding they were aware of, had and could have pursued these claims since the outset of litigation in 2008.  Defendants, however, made a strategic choice not to

---

compound, vague and ambiguous, overly broad and unduly burdensome. Responding party further objects to this request to the extent that it seeks documents protected by the attorney-client and work product privileges.  Responding party additional objects to this request to the extent it seeks proprietary business information or other confidential information." Weems Declaration, Ex. "A". Defendants when called upon to meet and confer regarding these responses declined to do so, even though such discussions also would address alleged deficiencies with discovery issued to plaintiff. Weems Declaration, Ex. B.

1  do so and have repeatedly and affirmatively represented that they considered the
2  pleading fixed and would not seek to amend.  (Dkt 19, 25, 32, and 34) Defendants
3  provide nothing at this late juncture to justify relief from those prior strategic
4  choices.  Repeatedly representing they will not be asserting claims defendants'
5  acknowledge knowing of since the outset of litigation and then seeking to assert
6  them on their way into the courtroom is conduct smacking of bad faith and, at best,
7  dilatory.  Accordingly, this Court is well within its discretion to deny leave to
8  amend, and Plaintiff respectfully requests that leave to amend be denied.
9
10 **D.   Defendants Possible Assertion That They are Seeking to Add Supplemental Claims**
11
12       Rule 15(d) applies to claims that accrue after an initial complaint is filed.
13 *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998). "Upon
14 motion of a party, the court may, upon reasonable notice and on such terms that are
15 just, permit the party to serve a supplemental pleading setting forth transactions or
16 occurrences or events which have happened since the date of the pleading sought
17 to be supplemented." Fed.R.Civ.P. 15(d). "While leave to permit supplemental
18 pleading is favored, it cannot be used to introduce a separate, distinct, and new
19 cause of action." *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400,
20 402 (9th Cir. 1997). Supplemental claims should be allowed where they will
21 "promote the speedy and economical disposition of a controversy." *Keith v. Volpe*,
22 858 F.2d 467, 473 (9th Cir. 1988).
23
24       Here, none of the causes of action that Defendants seek to add are new.
25 Although Defendants make tenuous allegations based on purported web postings
26 of uncertain origin made in December 2009 and January 2010, they assert that,
27 "the facts of the cause of action for trade libel [span] a wide time period" starting
28 no later than May 24, 2008 (2 months before the present action was brought).

1  (Dkt 56, 2:1, 3:4-12).  So too the allegations concerning trademark infringement
2  are not based on transactions or occurrences happening since the filing of the
3  complaint, albeit registration of the CERMAX mark did not occur until after the
4  date of filing.  Rather the operative facts are the same that gave rise to the present
5  action in the first instance—the dispute engendered by Safer Technologies, Inc.
6  improperly seeking registration of Plaintiff's trademarks in May 2008, after Motor
7  Works LLC terminated Cerma Technology, Inc. as a distributor.  (See *Motor*
8  *Works, LLC v Safer Technologies, Inc.*, Case No. 08-03608-JW Order dated
9  November 13, 2009, 6:1-9:13 (Dkt 45).
10
11  Moreover, even if Defendant's second proposed counterclaim, which
12  arguably is based in part on the fact of registration, constitutes a supplemental
13  claim that still does not relieve the defendants from their obligation of due
14  diligence in asserting their claim.  As defendants point out, registration issued
15  more than a year ago.  In the course of that year, defendants have never sought nor
16  indicated an intention of relying upon such registration as a sword rather than a
17  shield, such as in defendants' motion for summary adjudication.   Plaintiff has
18  relied upon those representations by defendants in issuing limited discovery and in
19  its decisions concerning the degree to which it would or would not pursue
20  discovery over improper objection.  See, Declaration Of Robert C Weems In
21  Support Of  Plaintiff's Memorandum In Opposition To Motion For Leave To
22  Amend, Exhibit "A".  Accordingly, defendants' motion should be denied.
23
24  **E.  Defendants' Counterclaim 5 Is Futile As California Business & Professions Code §§14320 – 14340 Have Been Superseded By Statute**
25
26  Where permitting amendment would be futile, leave to amend should be
27  denied. *Morongo Band*, 893 F.2d at 1079.  As this Court has previously observed:
28

California Business and Professions Code § 14330 was repealed by statute, effective January 1, 2008. *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1090 (N.D. Cal. 2008) (citing Stats. 2007, c. 711 (A.B. 1484), § 1). "The repeal of a statute creating a penalty, running either to an individual or the state, at any time before final judgment, extinguishes the right to recover the penalty." Id.

*Motor Works, LLC v Safer Technologies, Inc.*, Case No. 08-03608-JW (Order dated November 13, 2009, Dkt 9:19-23)

Accordingly, Defendants request for leave to amend their answer to add a party and wholly new counterclaims should also be denied on the basis of futility.

### F. Amendment by Cerma Technology, Inc. Would Be Futile As It No Longer Exists as a Separate Legal Entity

As a final matter, the motion to amend the answer to add counterclaims as to Cerma Technology, Inc. should be denied for lack of standing. Defendants have represented that Cerma Technology, Inc. no longer exists as a separate legal entity. (Dkt 34, at 2:22-23). Defendants have not alleged facts sufficient to establish that Cerma Technology, Inc. maintains a continuing legal existence. Accordingly, Cerma Technology, Inc. lacks capacity to sue under Fed.R.Civ.P. 17 and its request for leave to file counterclaims should be denied on the basis of futility.

## IV. CONCLUSION

The motion by defendants Safer Technologies, Inc. and Cerma Technology, Inc. for leave to amend their answers to add a new party and assert compulsory counterclaims should be denied. The addition of counterclaims after the close of discovery and on the eve of trial constitutes a fundamental shift in the posture of this otherwise focused and limited action and substantially prejudice plaintiff. As an initial matter Plaintiff has prepared this case based on defendants repeated representation that they were not pursuing any counterclaims and asserting only a limited number of affirmative defenses and any delay of the trial to reopen discovery will result in plaintiff 's continued alienation of its rights in the trademarks at issue.

As defendants admit, these claims are not new. The defendants have known of these claims from the outset of litigation, and have repeatedly represented their intention not to assert them. Defendants' motion does nothing to explain away that decision. Defendants' motion does nothing to establish good cause for relief. Indeed, Defendants' motion does not support any conclusion other than defendants being, at best, dilatory in seeking to assert counterclaims and bring in a new party in the weeks before trial and long after the close of discovery. Defendants' motion should be denied.

Dated: February 16, 2010                    WEEMS LAW OFFICES

                                            /s/
                                            _____
                                            Robert C. Weems, attorney for Plaintiff
                                            Motor Works LLC