Robert C. Weems (CA SBN 148156)
WEEMS LAW OFFICES
Fair-Anselm Plaza, 2d Fl. W
751 Center Blvd.
Fairfax, CA  94930
Telephone: (415) 259-0294
Facsimile: (415) 259-0108

Attorneys for Plaintiff
  MOTOR WORKS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| MOTOR WORKS LLC, | ) Case No: 08-cv-03608 |
| Plaintiffs, | ) |
| v. | ) DECLARATION OF ROBERT C. WEEMS IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND |
| SAFER TECHNOLOGIES, INC., CERMA TECHNOLOGY, INC., GEORGE ACKERMAN, MARY STRANAHAN, NICHOLAS STREIT, TIM STREIT and EDWARD HALBACH | ) |
| Defendants. | ) Date:       March 8, 2010<br>) Time:      0900 AM<br>) Loc:        Ctrm 8<br>) Judge:    Hon. James S. Ware<br><br>Trial Date:  March 16. 2010 |

I, Robert C Weems, hereby declare, as follows:

1.  I am over the age of 18 years and have personal knowledge of the matters set forth herein.

2.  Attached hereto as Exhibit "A" are true and correct copies of the discovery responses served by defendants Safer Technologies, Inc. and Cerma Technology, Inc. in response to Plaintiff's First Request for Production of Documents issued to (1) Safer Technologies, Inc. and (2) Cerma Technology, Inc.  Also attached as Exhibit "A" is a true and correct copy of defendant Cerma Technology, Inc.'s

---

Weems Declaration                                                    *Case No. 08 CV 03608 RS*

responses to Plaintiff's Second Request for Production of Documents issued to Cerma Technology, Inc.

3.   Attached hereto as Exhibit "B" is a true and correct copy of the complete correspondence in connection with the parties efforts to meet and confer on discovery issues undertaken in January 2010, reflecting defendants failure to meet and confer despite plaintiff's offer and request to do so.

4.   Plaintiff's determinations in connection with the what discovery to issue and to pursue over objection was based upon the limited scope of this case and the fact that defendants did not assert any counterclaims herein and repeatedly represented to the Court that they did not intend to do so.

5.   In preparing this matter for trial, I have done so based on the limited scope of claims being asserted herein by plaintiff and the lack of counterclaims asserted by defendants.   Plaintiff is prepared to proceed with trial against the currently identified and served parties and on the claims currently asserted herein.

6.   Delay of the trial herein will result in prejudice to the plaintiff from continued alienation from the trademarks at issue by the defendants and marketplace uncertainty.  Plaintiff may also suffer significant prejudice and increased costs and expenses in the event that plaintiff's counsel is unable to continue representation past the dates currently scheduled for trial.

I declare the foregoing to be true and correct under penalty of perjury under the laws of the United States of America.  Executed this 16th day of February, 2010.

/s/
Robert C. Weems

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

1  James M. Hanavan, State Bar No. 66097
   Kristen E. Drake, State Bar No. 202827
   CRAIGIE, McCARTHY & CLOW
2  540 Pacific Avenue
   San Francisco, CA 94133
3  Telephone: (415) 732-7788
   Facsimile: (415) 732-7783
4

5  Attorneys for Defendants
   SAFER TECHNOLOGIES, INC.,
6  CERMA TECHNOLOGY, INC.,
   GEORGE ACKERSON, MARY STRANAHAN,
7  NICHOLAS STREIT and EDWARD HALBACH

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12  MOTOR WORKS LLC,                    Case No.: 08-CV-03608 RS

13              Plaintiff,              **DEFENDANT SAFER TECHNOLOGIES,
                                        INC.'S RESPONSES TO PLAINTIFF'S
14       vs.                            FIRST SET OF DOCUMENT
                                        PRODUCTION REQUESTS**
    SAFER TECHNOLOGIES, INC., CERMA
15  TECHNOLOGY, INC., GEORGE
    ACKERMAN, MARY STRANAHAN,
16  NICHOLAS STREIT, TIM STREIT and
    EDWARD HALBACH,
17
                Defendants.
18

19

20       PROPOUNDING PARTY:       Plaintiff MOTOR WORKS LLC

21       RESPONDING PARTY:        Defendant SAFER TECHNOLOGIES, INC.

22       SET NO.:                 ONE (1)

23       TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

24       Defendant Safer Technologies, Inc. (hereinafter "Safer", "defendant" or "responding

25  party") by and through its attorneys of record, Craigie, McCarthy & Clow, hereby responds to

26  plaintiff's First Set of Document Production Requests propounded to defendant by Plaintiff

27  Motor Works LLC (hereinafter "Motor Works", "plaintiff," or "propounding party") as follows:

28
                                        1
                                Defendant Safer Technologies Inc.'s Responses to
                                Plaintiff's First Set of Document Production
                                Requests

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 - Facsimile: 415/732-7783

**GENERAL OBJECTIONS**

1.    Responding party objects to this set of requests, the instructions thereto, the definitions, and to each request contained therein, to the extent they seek to impose obligations on defendant beyond those set forth in the appropriate statutes. Responding party's responses are governed by, and shall be provided pursuant to, the applicable statutory rules and court rules.

2.    Responding party objects to these requests to the extent they seek information or documents protected under the attorney client and/or work product privileges. Such information or documents are beyond the scope of discovery and shall not be disclosed in response to any of these requests. Any inadvertent production of any privileged or protected document will not constitute a waiver of any privilege or protection.

3.    Responding party objects to this set of requests, and to each request contained therein on the grounds they are overly broad, unduly burdensome and seek documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing in this matter. Responding party responds in light of information known to date or discoverable upon reasonable inquiry. Responding party reserves the right to amend and/or supplement these responses to reflect subsequently discovered facts or evidence, and/or to introduce such facts or evidence at trial or at any other appropriate time during this action.

4.    Responding party objects to this set of requests, and to each request contained therein to the extent it contains repetitive or overlapping requests and to the extent it does not set forth and describe individual items with reasonable particularity or is otherwise vague, ambiguous, unclear or unintelligible.

5.    Responding party objects to this set of requests, and to each request contained therein to the extent that it seeks information which consists of proprietary business information or other confidential information.

6.    Responding party objects to this set of requests, and to each request contained therein to the extent that it seeks information not in the possession, custody or control of

2

Defendant Safer Technologies Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

1    neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

2    *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

3    party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

4    and unduly burdensome. Responding party further objects to this request to the extent that it

5    seeks documents protected by the attorney-client and work product privileges. Responding party

6    additionally objects to this request to the extent it seeks proprietary business information or other

7    confidential information.

8    **REQUEST NO. 3:**

9    All documents that refer or relate to any license, or proposed license, by and between

10   Cerma Technology, Inc. and Motor Works LLC or any Motor Works LLC subsidiary.

11   **RESPONSE TO REQUEST NO. 3:**

12   The request is objected to on the basis of relevancy since the documents requested are

13   neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

14   *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

15   party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

16   and unduly burdensome. Responding party further objects to this request to the extent that it

17   seeks documents protected by the attorney-client and work product privileges. Responding party

18   additionally objects to this request to the extent it seeks proprietary business information or other

19   confidential information.

20   **REQUEST NO. 4:**

21   All documents that refer or relate to the development of any Cerma Technology, Inc.

22   trademark.

23   **RESPONSE TO REQUEST NO. 4:**

24   The request is objected to on the basis of relevancy since the documents requested are

25   neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

26   *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

27   party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

28   and unduly burdensome. Responding party further objects to this request to the extent that it

4

Defendant Safer Technologies Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

CRAIGIE, MCCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

1  seeks documents protected by the attorney-client and work product privileges. Responding party

2  additionally objects to this request to the extent it seeks proprietary business information or other

3  confidential information.

4  **REQUEST NO. 5:**

5      All documents that refer or relate to or that constitute any policy of insurance under which

6  you believe you may have coverage or for which you have submitted a claim for coverage for any

7  cause of action asserted in this action.

8  **RESPONSE TO REQUEST NO. 5:**

9      The request is objected to on the basis of relevancy since the documents requested are

10  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

11  *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

12  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

13  and unduly burdensome. Responding party further objects to this request to the extent that it

14  seeks documents protected by the attorney-client and work product privileges. Responding party

15  additionally objects to this request to the extent it seeks proprietary business information or other

16  confidential information.

17  **REQUEST NO. 6:**

18      All documents that refer or relate to or that evidence any testing done by Cerma

19  Technology, Inc. of any Cerma Technology, Inc. product.

20  **RESPONSE TO REQUEST NO. 6:**

21      The request is objected to on the basis of relevancy since the documents requested are

22  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

23  *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

24  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

25  and unduly burdensome. Responding party further objects to this request to the extent that it

26  seeks documents protected by the attorney-client and work product privileges. Responding party

27  additionally objects to this request to the extent it seeks proprietary business information or other

28

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

Defendant Safer Technologies Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

1 confidential information.

2 **REQUEST NO. 7:**

3 All documents that refer or relate to or that evidence the development of any narrative
4 describing in whole or in part any Cerma Technology, Inc. product.

5 **RESPONSE TO REQUEST NO. 7:**

6 The request is objected to on the basis of relevancy since the documents requested are
7 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*
8 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding
9 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad
10 and unduly burdensome. Responding party further objects to this request to the extent that it
11 seeks documents protected by the attorney-client and work product privileges. Responding party
12 additionally objects to this request to the extent it seeks proprietary business information or other
13 confidential information.

14 **REQUEST NO. 8:**

15 All documents that what that evidence the development of any website used by Cerma
16 Technology, Inc. for the advertising, marketing or sale of Cerma Technology, Inc. products.

17 **RESPONSE TO REQUEST NO. 8:**

18 The request is objected to on the basis of relevancy since the documents requested are
19 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*
20 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding
21 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad
22 and unduly burdensome. Responding party further objects to this request to the extent that it
23 seeks documents protected by the attorney-client and work product privileges. Responding party
24 additionally objects to this request to the extent it seeks proprietary business information or other
25 confidential information.

26 **REQUEST NO. 9:**

27 All documents that refer or relate to or that constitute any agreement between Cerma
28 Technology, Inc. and John Murray for the use of his name or likeness.

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

6

Defendant Safer Technologies Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

**RESPONSE TO REQUEST NO. 9:**

The request is objected to on the basis of relevancy since the documents requested are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding party objects to this request to the extent that it is compound, vague and ambiguous, overly broad and unduly burdensome. Responding party further objects to this request to the extent that it seeks documents protected by the attorney-client and work product privileges. Responding party additionally objects to this request to the extent it seeks proprietary business information or other confidential information.

**REQUEST NO. 10:**

All documents that refer or relate to any authorization by John Murray to Cerma Technology, Inc. for the use of his name or likeness.

**RESPONSE TO REQUEST NO. 10:**

The request is objected to on the basis of relevancy since the documents requested are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding party objects to this request to the extent that it is compound, vague and ambiguous, overly broad and unduly burdensome. Responding party further objects to this request to the extent that it seeks documents protected by the attorney-client and work product privileges. Responding party additionally objects to this request to the extent it seeks proprietary business information or other confidential information.

**REQUEST NO. 11:**

All documents that refer or relate to or that constitute any agreement between Cerma Technology, Inc. and Motor Works LLC for the use of test results paid for or obtained by Motor Works LLC in connection with any product that is currently sold or that has been previously sold by Cerma Technology, Inc.

///

7

Defendant Safer Technologies Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

**RESPONSE TO REQUEST NO. 11:**

The request is objected to on the basis of relevancy since the documents requested are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding party objects to this request to the extent that it is compound, vague and ambiguous, overly broad and unduly burdensome. Responding party further objects to this request to the extent that it seeks documents protected by the attorney-client and work product privileges. Responding party additionally objects to this request to the extent it seeks proprietary business information or other confidential information.

**REQUEST NO. 12:**

All documents that refer or relate to John Murray's relationship with the Cerma Technology, Inc.

**RESPONSE TO REQUEST NO. 12:**

The request is objected to on the basis of relevancy since the documents requested are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding party objects to this request to the extent that it is compound, vague and ambiguous, overly broad and unduly burdensome. Responding party further objects to this request to the extent that it seeks documents protected by the attorney-client and work product privileges. Responding party additionally objects to this request to the extent it seeks proprietary business information or other confidential information.

**REQUEST NO. 13:**

All documents that refer or relate to or that constitute any agreement between Cerma Technology, Inc. and any person for the use of images displayed by Cerma Technology, Inc. in any advertising or marketing material whether such materials is in print or displayed on Cerma Technology. Inc.'s website or the website of any person distributing Cerma Technology, Inc. products.

CRAIGIE, MCCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

Defendant Safer Technologies Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

1   neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

2   *e.g., Microsoft Corp. v. EEE Business Inc.,* 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

3   party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

4   and unduly burdensome. Responding party further objects to this request to the extent that it

5   seeks documents protected by the attorney-client and work product privileges. Responding party

6   additionally objects to this request to the extent it seeks proprietary business information or other

7   confidential information.

8   **REQUEST NO. 16:**

9        All correspondence by and between Cerma Technology, Inc. and Motor Works LLC

10  concerning the manufacture of any oil additive including but not limited to CERMAX.

11  **RESPONSE TO REQUEST NO. 16:**

12       The request is objected to on the basis of relevancy since the documents requested are

13  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

14  *e.g., Microsoft Corp. v. EEE Business Inc.,* 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

15  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

16  and unduly burdensome. Responding party further objects to this request to the extent that it

17  seeks documents protected by the attorney-client and work product privileges. Responding party

18  additionally objects to this request to the extent it seeks proprietary business information or other

19  confidential information.

20  **REQUEST NO. 17:**

21       All correspondence by and between Cerma Technology, Inc. and Motor Works LLC

22  concerning the sale of any oil additive including not limited to CERMAX.

23  **RESPONSE TO REQUEST NO. 17:**

24       The request is objected to on the basis of relevancy since the documents requested are

25  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

26  *e.g., Microsoft Corp. v. EEE Business Inc.,* 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

27  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

28

10

Defendant Safer Technologies Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

1   and unduly burdensome.  Responding party further objects to this request to the extent that it

2   seeks documents protected by the attorney-client and work product privileges.  Responding party

3   additionally objects to this request to the extent it seeks proprietary business information or other

4   confidential information.

5   **REQUEST NO. 18:**

6        All correspondence by and between Cerma Technology, Inc. and Motor Works LLC

7   concerning the marketing of any oil additive, including but not limited to CERMAX.

8   **RESPONSE TO REQUEST NO. 18:**

9        The request is objected to on the basis of relevancy since the documents requested are

10  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.  *See,*

11  *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008).  Responding

12  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

13  and unduly burdensome.  Responding party further objects to this request to the extent that it

14  seeks documents protected by the attorney-client and work product privileges.  Responding party

15  additionally objects to this request to the extent it seeks proprietary business information or other

16  confidential information.

17  **REQUEST NO. 19:**

18       All documents that refer or relate to or that constitute evidence of payments from Cerma

19  Technology, Inc. to Motor Works LLC, including but not limited to sales reports.

20  **RESPONSE TO REQUEST NO. 19:**

21       The request is objected to on the basis of relevancy since the documents requested are

22  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.  *See,*

23  *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008).  Responding

24  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

25  and unduly burdensome.  Responding party further objects to this request to the extent that it

26  seeks documents protected by the attorney-client and work product privileges.  Responding party

27  additionally objects to this request to the extent it seeks proprietary business information or other

28

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

Defendant Safer Technologies Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

1    confidential information.

2    **REQUEST NO. 20:**

3       All documents that refer or relate to the development and selection of the name

4    CERMAX.

5    **RESPONSE TO REQUEST NO. 20:**

6       The request is objected to on the basis of relevancy since the documents requested are

7    neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

8    *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

9    party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

10    and unduly burdensome. Responding party further objects to this request to the extent that it

11    seeks documents protected by the attorney-client and work product privileges. Responding party

12    additionally objects to this request to the extent it seeks proprietary business information or other

13    confidential information.

14    **REQUEST NO. 21:**

15       All documents that refer or relate to Cerma Technology, Inc.'s source of supply for the

16    chemicals and components of any product sold under the name CERMAX.

17    **RESPONSE TO REQUEST NO. 21:**

18       The request is objected to on the basis of relevancy since the documents requested are

19    neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

20    *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

21    party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

22    and unduly burdensome. Responding party further objects to this request to the extent that it

23    seeks documents protected by the attorney-client and work product privileges. Responding party

24    additionally objects to this request to the extent it seeks proprietary business information or other

25    confidential information.

26    **REQUEST NO. 22:**

27       Documents sufficient to identify Cerma Technology, Inc.'s recipe or formula for any

28    product sold using the name CERMAX, regardless of source of supply.

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 Facsimile: 415/732-7783

12

Defendant Safer Technologies Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

1  **RESPONSE TO REQUEST NO. 22:**

2      The request is objected to on the basis of relevancy since the documents requested are

3  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

4  *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008).  Responding

5  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

6  and unduly burdensome.  Responding party further objects to this request to the extent that it

7  seeks documents protected by the attorney-client and work product privileges.  Responding party

8  additionally objects to this request to the extent it seeks proprietary business information or other

9  confidential information.

10 **REQUEST NO. 23:**

11     All documents that refer or relate to or that constitute minutes of the board of directors of

12 Cerma Technology. Inc.

13 **RESPONSE TO REQUEST NO. 23:**

14     The request is objected to on the basis of relevancy since the documents requested are

15 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

16 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008).  Responding

17 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

18 and unduly burdensome.  Responding party further objects to this request to the extent that it

19 seeks documents protected by the attorney-client and work product privileges.  Responding party

20 additionally objects to this request to the extent it seeks proprietary business information or other

21 confidential information.

22 **REQUEST NO. 24:**

23     All documents that refer or relate to or that constitute minutes of the Board of Directors of

24 Safer Technologies, Inc.

25 **RESPONSE TO REQUEST NO. 24:**

26     The request is objected to on the basis of relevancy since the documents requested are

27 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

28

CRAIGIE, MCCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

13

Defendant Safer Technologies Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

1    *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

2    party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

3    and unduly burdensome. Responding party further objects to this request to the extent that it

4    seeks documents protected by the attorney-client and work product privileges. Responding party

5    additionally objects to this request to the extent it seeks proprietary business information or other

6    confidential information.

7    **REQUEST NO. 25:**

8        All documents that constitute or evidence the corporate formation of Safer Technologies.

9    Inc., including but not limited to all documents filed with any governmental or semi-

10   governmental agency.

11   **RESPONSE TO REQUEST NO. 25:**

12       The request is objected to on the basis of relevancy since the documents requested are

13   neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

14   *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

15   party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

16   and unduly burdensome. Responding party further objects to this request to the extent that it

17   seeks documents protected by the attorney-client and work product privileges. Responding party

18   additionally objects to this request to the extent it seeks proprietary business information or other

19   confidential information.

20   **REQUEST NO. 26:**

21       Documents sufficient to identify all past and present officers of Safer Technologies, Inc.,

22   including but not limited to all filings with any governmental or semi-governmental agency in

23   which such officers are identified.

24   **RESPONSE TO REQUEST NO. 26:**

25       The request is objected to on the basis of relevancy since the documents requested are

26   neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

27   *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

28

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

14

Defendant Safer Technologies Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

1  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

2  and unduly burdensome. Responding party further objects to this request to the extent that it

3  seeks documents protected by the attorney-client and work product privileges. Responding party

4  additionally objects to this request to the extent it seeks proprietary business information or other

5  confidential information.

6  **REQUEST NO. 27:**

7      Documents sufficient to identify all past and present officers of Cerma Technology. Inc..

8  including but not limited to all filings with any governmental or semi-governmental agency in

9  which such officers are identified.

10  **RESPONSE TO REQUEST NO. 27:**

11      The request is objected to on the basis of relevancy since the documents requested are

12  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

13  *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

14  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

15  and unduly burdensome. Responding party further objects to this request to the extent that it

16  seeks documents protected by the attorney-client and work product privileges. Responding party

17  additionally objects to this request to the extent it seeks proprietary business information or other

18  confidential information.

19  **REQUEST NO. 28:**

20      All documents that refer or relate to Safer Technologies, Inc.'s acquisition of Cerma

21  Technologies. Inc.

22  **RESPONSE TO REQUEST NO. 28:**

23      The request is objected to on the basis of relevancy since the documents requested are

24  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

25  *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

26  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

27  and unduly burdensome. Responding party further objects to this request to the extent that it

28

CRAIGIE, MCCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

15

Defendant Safer Technologies Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

1   seeks documents protected by the attorney-client and work product privileges. Responding party

2   additionally objects to this request to the extent it seeks proprietary business information or other

3   confidential information.

4   **REQUEST NO. 29:**

5       All documents that refer or relate to or that evidence Safer Technologies. Inc.'s claim to

6   ownership of, or a right to use, the CERMAX mark.

7   **RESPONSE TO REQUEST NO. 29:**

8       The request is objected to on the basis of relevancy since the documents requested are

9   neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

10  *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

11  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

12  and unduly burdensome. Responding party further objects to this request to the extent that it

13  seeks documents protected by the attorney-client and work product privileges. Responding party

14  additionally objects to this request to the extent it seeks proprietary business information or other

15  confidential information.

16  **REQUEST NO. 30:**

17      All documents that refer or relate to or that evidence Safer Technologies, Inc.'s claim to

18  ownership of, or a right to use, any trade name, service mark and/or trade mark, registered or

19  otherwise, that is subject to this action, including but not limited to CERMA, CERMA

20  LUBRICATION, CERMAX, CERMA ENGINE LUBE, CERMA LUBE, CERMA ADVANCED

21  LUBRICATION TECHNOLOGY, CERMA ORGANIC and/or any other such mark or name

22  used by Cerma Technology, Inc. in connection with any of its products or services.

23  **RESPONSE TO REQUEST NO. 30:**

24      The request is objected to on the basis of relevancy since the documents requested are

25  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

26  *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

27  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

28  and unduly burdensome. Responding party further objects to this request to the extent that it

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 Facsimile: 415/732-7783

16

Defendant Safer Technologies Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

seeks documents protected by the attorney-client and work product privileges. Responding party additionally objects to this request to the extent it seeks proprietary business information or other confidential information.

**REQUEST NO. 31:**

Documents sufficient to identify all past and present officers of, all past and present directors of, and all shareholders in Safer Technologies, Inc.

**RESPONSE TO REQUEST NO. 31:**

The request is objected to on the basis of relevancy since the documents requested are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding party objects to this request to the extent that it is compound, vague and ambiguous, overly broad and unduly burdensome. Responding party further objects to this request to the extent that it seeks documents protected by the attorney-client and work product privileges. Responding party additionally objects to this request to the extent it seeks proprietary business information or other confidential information.

**REQUEST NO. 32:**

All documents relevant to any claim or defense in this action.

**RESPONSE TO REQUEST NO. 32:**

The request is objected to on the basis of relevancy since the documents requested are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding party objects to this request to the extent that it is compound, vague and ambiguous, overly broad and unduly burdensome. Responding party further objects to this request to the extent that it seeks documents protected by the attorney-client and work product privileges. Responding party additionally objects to this request to the extent it seeks proprietary business information or other confidential information.

1    Dated: July 20, 2009                          CRAIGIE, McCARTHY & CLOW

2

3

4                                                  By: Kristen E. Drake

5                                                  Attorneys for Defendants
                                                   SAFER TECHNOLOGIES, INC.,
                                                   CERMA TECHNOLOGY, INC.,
6                                                  GEORGE ACKERSON,
                                                   MARY STRANAHAN,
7                                                  NICHOLAS STREIT and
                                                   EDWARD HALBACH

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18
                                          Defendant Safer Technologies Inc.'s Responses to
                                          Plaintiff's First Set of Document Production
                                          Requests

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

## **PROOF OF SERVICE**

1

2     I, Kristen Drake, certify and declare as follows:

3     I am over the age of 18 years, and not a party to this action. My business address is
      Craigie, McCarthy & Clow, 540 Pacific Avenue, San Francisco, California 94133.

4

5     ___ X ___ **BY MAIL**: I am readily familiar with the business practice at my place of business for
      collection and processing of correspondence for mailing with the United States Postal Service.
6     Correspondence so collected and processed is deposited with the United States Postal Service
7     that same day in the ordinary course of business. On July 20, 2009, at my place of business at
      Craigie, McCarthy & Clow, 540 Pacific Avenue, San Francisco, California 94133, I placed the
8     document(s) described on the attached document list for deposit in the United States Postal
9     Service in a sealed envelope, with postage fully prepaid, addressed to those persons listed in the
      attached service list.

10

11    _____ **BY FAX**: On July 20, 2009, I transmitted from a facsimile transmission machine,
      whose telephone number (415) 732-7783, the following document(s) described on the attached
12    document list and a copy of this declaration to the recipient and their fax number as indicated
      on the attached service list. The transmission was reported as complete without error by a
13    transmission report issued by the facsimile transmission machine immediately following the
      transmission. A true and correct copy of the transmission report may be requested from the
14    undersigned by calling (415) 732-7788.

15    _____ **BY FEDERAL EXRPESS**: On July 20, 2009, I deposited in a box or other facility
      regularly maintained by Federal Express, an express service carrier, or delivered to a courier or
16    driver authorized by this express service carrier to receive documents, a copy of the
17    document(s) described on the attached document list, together with a copy of this declaration, in
      an envelope designated by the this express service carrier, with delivery fees paid or provided
18    for, addressed to those persons listed on the attached service list.

19    _____ **BY HAND DELIVERY**: On July 20, 2009, I caused a copy of the document(s)
      described on the attached document list, together with a copy of this declaration, to be hand
20    delivered, with delivery fees paid or provided for, to those persons listed on the attached service
21    list.

22        I certify and declare under penalty of perjury under the laws of the State of California
      that the foregoing is true and correct. Executed at San Francisco, California on July 20, 2009.
23

24                              Kristen Drake
                              _____
                                    Kristen Drake

25

26                    Document and Service Lists Attached

27

28

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 Facsimile: 415/732-7783

**DOCUMENT LIST**

DEFENDANT SAFER TECHNOLOGIES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT PRODUCTION REQUESTS

**SERVICE LIST**

Robert C. Weems
WEEMS LAW OFFICES
Fair-Anselm Plaza, 2d Fl. W
751 Center Blvd.
Fairfax, CA 94930
Facsimile: (415-259-0108)
Attorneys for Plaintiff
MOTOR WORKS LLC

**PROOF OF SERVICE**

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

1  James M. Hanavan, State Bar No. 66097
   Kristen E. Drake, State Bar No. 202827
2  CRAIGIE, McCARTHY & CLOW
   540 Pacific Avenue
3  San Francisco, CA 94133
   Telephone: (415) 732-7788
4  Facsimile: (415) 732-7783

5  Attorneys for Defendants
   SAFER TECHNOLOGIES, INC.,
6  CERMA TECHNOLOGY, INC.,
   GEORGE ACKERSON, MARY STRANAHAN,
7  NICHOLAS STREIT and EDWARD HALBACH

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  MOTOR WORKS LLC,                        Case No.: 08-CV-03608 RS

13          Plaintiff,                      **DEFENDANT CERMA TECHNOLOGY,
                                            INC.'S RESPONSES TO PLAINTIFF'S**
14      vs.                                 **FIRST SET OF DOCUMENT
                                            PRODUCTION REQUESTS**
15  SAFER TECHNOLOGIES, INC., CERMA
    TECHNOLOGY, INC., GEORGE
16  ACKERMAN, MARY STRANAHAN,
    NICHOLAS STREIT, TIM STREIT and
17  EDWARD HALBACH,

18          Defendants.

19

20          PROPOUNDING PARTY:        Plaintiff MOTOR WORKS LLC

21          RESPONDING PARTY:         Defendant CERMA TECHNOLOGY, INC.

22          SET NO.:                  ONE (1)

23      TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

24      Defendant Cerma Technology, Inc. (hereinafter "Cerma", "defendant" or "responding

25  party") by and through its attorneys of record, Craigie, McCarthy & Clow, hereby responds to

26  plaintiff's First Set of Document Production Requests propounded to defendant by Plaintiff

27  Motor Works LLC (hereinafter "Motor Works", "plaintiff," or "propounding party") as follows:

28

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

1

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

1

**GENERAL OBJECTIONS**

2      1.      Responding party is not a proper party defendant as responding party was acquired

3   by SAFER TECHNOLOGIES, INC. and has no separate corporate existence apart from SAFER

4   TECHNOLOGIES, INC. Responding party objects to this set of requests, the instructions

5   thereto, the definitions, and to each request contained therein, to the extent they seek to impose

6   obligations on defendant beyond those set forth in the appropriate statutes. Responding party's

7   responses are governed by, and shall be provided pursuant to, the applicable statutory rules and

8   court rules.

9      2.      Responding party objects to these requests to the extent they seek information or

10  documents protected under the attorney client and/or work product privileges. Such information

11  or documents are beyond the scope of discovery and shall not be disclosed in response to any of

12  these requests. Any inadvertent production of any privileged or protected document will not

13  constitute a waiver of any privilege or protection.

14     3.      Responding party objects to this set of requests, and to each request contained

15  therein on the grounds they are overly broad, unduly burdensome and seek documents that are

16  neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the

17  discovery of admissible evidence. Discovery is ongoing in this matter. Responding party

18  responds in light of information known to date or discoverable upon reasonable inquiry.

19  Responding party reserves the right to amend and/or supplement these responses to reflect

20  subsequently discovered facts or evidence, and/or to introduce such facts or evidence at trial or at

21  any other appropriate time during this action.

22     4.      Responding party objects to this set of requests, and to each request contained

23  therein to the extent it contains repetitive or overlapping requests and to the extent it does not set

24  forth and describe individual items with reasonable particularity or is otherwise vague,

25  ambiguous, unclear or unintelligible.

26     5.      Responding party objects to this set of requests, and to each request contained

27  therein to the extent that it seeks information which consists of proprietary business information

28

2

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

1  or other confidential information.

2      6.    Responding party objects to this set of requests, and to each request contained

3  therein to the extent that it seeks information not in the possession, custody or control of

4  responding party. Responding party further objects to each request to the extent it seeks

5  information obtainable from some other source that is more convenient, less burdensome, or less

6  expensive.

7      7.    Responding party objects to the time and place set forth in the requests for

8  production of documents as vague and unduly burdensome. Responsive documents shall be

9  produced at a mutually convenient time and place to be determined following meet and confer by

10 and between counsel for the respective parties.

11     8.    In the interest of brevity, these general objections are set forth one time only at this

12 point, and are incorporated by reference into each and every one of the following responses.

13           **RESPONSES TO DOCUMENT PRODUCTION REQUESTS**

14 **REQUEST NO. 1:**

15     All correspondence from, to or with John Murray through any Cerma Technology, Inc. e-

16 mail account.

17 **RESPONSE TO REQUEST NO. 1:**

18     The request is objected to on the basis of relevancy since the documents requested are

19 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

20 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

21 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

22 and unduly burdensome. Responding party further objects to this request to the extent that it

23 seeks documents protected by the attorney-client and work product privileges. Responding party

24 additionally objects to this request to the extent it seeks proprietary business information or other

25 confidential information.

26 **REQUEST NO. 2:**

27     All documents that refer or relate to the chemical composition of Cerma Technology. Inc.

28

Telephone: 415/732-7788 · Facsimile: 415/732-7783
CRAIGIE, McCARTHY & CLOW

3

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

1   products.

2   **RESPONSE TO REQUEST NO. 2:**

3   The request is objected to on the basis of relevancy since the documents requested are

4   neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

5   *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

6   party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

7   and unduly burdensome. Responding party further objects to this request to the extent that it

8   seeks documents protected by the attorney-client and work product privileges. Responding party

9   additionally objects to this request to the extent it seeks proprietary business information or other

10  confidential information.

11  **REQUEST NO. 3:**

12  All documents that refer or relate to any license, or proposed license, by and between

13  Cerma Technology, Inc. and Motor Works LLC or any Motor Works LLC subsidiary.

14  **RESPONSE TO REQUEST NO. 3:**

15  The request is objected to on the basis of relevancy since the documents requested are

16  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

17  *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

18  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

19  and unduly burdensome. Responding party further objects to this request to the extent that it

20  seeks documents protected by the attorney-client and work product privileges. Responding party

21  additionally objects to this request to the extent it seeks proprietary business information or other

22  confidential information.

23  **REQUEST NO. 4:**

24  All documents that refer or relate to the development of any Cerma Technology, Inc.

25  trademark.

26  **RESPONSE TO REQUEST NO. 4:**

27  The request is objected to on the basis of relevancy since the documents requested are

28  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

CRAIGIE, MCCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

4

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

1   *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

2   party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

3   and unduly burdensome. Responding party further objects to this request to the extent that it

4   seeks documents protected by the attorney-client and work product privileges. Responding party

5   additionally objects to this request to the extent it seeks proprietary business information or other

6   confidential information.

7   **REQUEST NO. 5:**

8        All documents that refer or relate to or that constitute any policy of insurance under which

9   you believe you may have coverage or for which you have submitted a claim for coverage for any

10  cause of action asserted in this action.

11  **RESPONSE TO REQUEST NO. 5:**

12       The request is objected to on the basis of relevancy since the documents requested are

13  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

14  *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

15  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

16  and unduly burdensome. Responding party further objects to this request to the extent that it

17  seeks documents protected by the attorney-client and work product privileges. Responding party

18  additionally objects to this request to the extent it seeks proprietary business information or other

19  confidential information.

20  **REQUEST NO. 6:**

21       All documents that refer or relate to or that evidence any testing done by Cerma

22  Technology, Inc. of any Cerma Technology, Inc. product.

23  **RESPONSE TO REQUEST NO. 6:**

24       The request is objected to on the basis of relevancy since the documents requested are

25  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

26  *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

27  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

28

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 - Facsimile: 415/732-7783

1 and unduly burdensome. Responding party further objects to this request to the extent that it

2 seeks documents protected by the attorney-client and work product privileges. Responding party

3 additionally objects to this request to the extent it seeks proprietary business information or other

4 confidential information.

5 **REQUEST NO. 7:**

6 All documents that refer or relate to or that evidence the development of any narrative

7 describing in whole or in part any Cerma Technology, Inc. product.

8 **RESPONSE TO REQUEST NO. 7:**

9 The request is objected to on the basis of relevancy since the documents requested are

10 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

11 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

12 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

13 and unduly burdensome. Responding party further objects to this request to the extent that it

14 seeks documents protected by the attorney-client and work product privileges. Responding party

15 additionally objects to this request to the extent it seeks proprietary business information or other

16 confidential information.

17 **REQUEST NO. 8:**

18 All documents that what that evidence the development of any website used by Cerma

19 Technology, Inc. for the advertising, marketing or sale of Cerma Technology, Inc. products.

20 **RESPONSE TO REQUEST NO. 8:**

21 The request is objected to on the basis of relevancy since the documents requested are

22 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

23 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

24 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

25 and unduly burdensome. Responding party further objects to this request to the extent that it

26 seeks documents protected by the attorney-client and work product privileges. Responding party

27 additionally objects to this request to the extent it seeks proprietary business information or other

28 confidential information.

CRAIGIE, MCCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

6

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

1 **REQUEST NO. 9:**

2      All documents that refer or relate to or that constitute any agreement between Cerma

3 Technology, Inc. and John Murray for the use of his name or likeness.

4 **RESPONSE TO REQUEST NO. 9:**

5      The request is objected to on the basis of relevancy since the documents requested are

6 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

7 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

8 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

9 and unduly burdensome. Responding party further objects to this request to the extent that it

10 seeks documents protected by the attorney-client and work product privileges. Responding party

11 additionally objects to this request to the extent it seeks proprietary business information or other

12 confidential information.

13 **REQUEST NO. 10:**

14      All documents that refer or relate to any authorization by John Murray to Cerma

15 Technology, Inc. for the use of his name or likeness.

16 **RESPONSE TO REQUEST NO. 10:**

17      The request is objected to on the basis of relevancy since the documents requested are

18 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

19 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

20 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

21 and unduly burdensome. Responding party further objects to this request to the extent that it

22 seeks documents protected by the attorney-client and work product privileges. Responding party

23 additionally objects to this request to the extent it seeks proprietary business information or other

24 confidential information.

25 **REQUEST NO. 11:**

26      All documents that refer or relate to or that constitute any agreement between Cerma

27 Technology, Inc. and Motor Works LLC for the use of test results paid for or obtained by Motor

28

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

1  Works LLC in connection with any product that is currently sold or that has been previously sold
2  by Cerma Technology, Inc.

3  **RESPONSE TO REQUEST NO. 11:**

4  The request is objected to on the basis of relevancy since the documents requested are
5  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*
6  *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding
7  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad
8  and unduly burdensome. Responding party further objects to this request to the extent that it
9  seeks documents protected by the attorney-client and work product privileges. Responding party
10 additionally objects to this request to the extent it seeks proprietary business information or other
11 confidential information.

12 **REQUEST NO. 12:**

13 All documents that refer or relate to John Murray's relationship with the Cerma
14 Technology, Inc.

15 **RESPONSE TO REQUEST NO. 12:**

16 The request is objected to on the basis of relevancy since the documents requested are
17 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*
18 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding
19 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad
20 and unduly burdensome. Responding party further objects to this request to the extent that it
21 seeks documents protected by the attorney-client and work product privileges. Responding party
22 additionally objects to this request to the extent it seeks proprietary business information or other
23 confidential information.

24 **REQUEST NO. 13:**

25 All documents that refer or relate to or that constitute any agreement between Cerma
26 Technology, Inc. and any person for the use of images displayed by Cerma Technology, Inc. in
27 any advertising or marketing material whether such materials is in print or displayed on Cerma

28

8

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

1  Technology. Inc.'s website or the website of any person distributing Cerma Technology, Inc.

2  products.

3  **RESPONSE TO REQUEST NO. 13:**

4       The request is objected to on the basis of relevancy since the documents requested are

5  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

6  *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

7  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

8  and unduly burdensome. Responding party further objects to this request to the extent that it

9  seeks documents protected by the attorney-client and work product privileges. Responding party

10  additionally objects to this request to the extent it seeks proprietary business information or other

11  confidential information.

12  **REQUEST NO. 14:**

13       All documents that refer or relate to or that evidence the development by Cerma

14  Technology, Inc. of any product sold using the name CERMAIX.

15  **RESPONSE TO REQUEST NO. 14:**

16       The request is objected to on the basis of relevancy since the documents requested are

17  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

18  *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

19  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

20  and unduly burdensome. Responding party further objects to this request to the extent that it

21  seeks documents protected by the attorney-client and work product privileges. Responding party

22  additionally objects to this request to the extent it seeks proprietary business information or other

23  confidential information.

24  **REQUEST NO. 15:**

25       All documents that refer or relate to or that constitute any agreement by and between

26  Cerma Technology, Inc. and any third party for the distribution of any oil additive, or like

27  product.

28

CRAIGIE, MCCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

9

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

**RESPONSE TO REQUEST NO. 15:**

The request is objected to on the basis of relevancy since the documents requested are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding party objects to this request to the extent that it is compound, vague and ambiguous, overly broad and unduly burdensome. Responding party further objects to this request to the extent that it seeks documents protected by the attorney-client and work product privileges. Responding party additionally objects to this request to the extent it seeks proprietary business information or other confidential information.

**REQUEST NO. 16:**

All correspondence by and between Cerma Technology, Inc. and Motor Works LLC concerning the manufacture of any oil additive including but not limited to CERMAX.

**RESPONSE TO REQUEST NO. 16:**

The request is objected to on the basis of relevancy since the documents requested are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding party objects to this request to the extent that it is compound, vague and ambiguous, overly broad and unduly burdensome. Responding party further objects to this request to the extent that it seeks documents protected by the attorney-client and work product privileges. Responding party additionally objects to this request to the extent it seeks proprietary business information or other confidential information.

**REQUEST NO. 17:**

All correspondence by and between Cerma Technology, Inc. and Motor Works LLC concerning the sale of any oil additive including not limited to CERMAX.

**RESPONSE TO REQUEST NO. 17:**

The request is objected to on the basis of relevancy since the documents requested are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

10

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

1 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

2 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

3 and unduly burdensome. Responding party further objects to this request to the extent that it

4 seeks documents protected by the attorney-client and work product privileges. Responding party

5 additionally objects to this request to the extent it seeks proprietary business information or other

6 confidential information.

7 **REQUEST NO. 18:**

8 All correspondence by and between Cerma Technology, Inc. and Motor Works LLC

9 concerning the marketing of any oil additive, including but not limited to CERMAX.

10 **RESPONSE TO REQUEST NO. 18:**

11 The request is objected to on the basis of relevancy since the documents requested are

12 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

13 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

14 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

15 and unduly burdensome. Responding party further objects to this request to the extent that it

16 seeks documents protected by the attorney-client and work product privileges. Responding party

17 additionally objects to this request to the extent it seeks proprietary business information or other

18 confidential information.

19 **REQUEST NO. 19:**

20 All documents that refer or relate to or that constitute evidence of payments from Cerma

21 Technology, Inc. to Motor Works LLC, including but not limited to sales reports.

22 **RESPONSE TO REQUEST NO. 19:**

23 The request is objected to on the basis of relevancy since the documents requested are

24 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

25 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

26 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

27 and unduly burdensome. Responding party further objects to this request to the extent that it

28

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

11

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

1    seeks documents protected by the attorney-client and work product privileges. Responding party

2    additionally objects to this request to the extent it seeks proprietary business information or other

3    confidential information.

4    **REQUEST NO. 20:**

5         All documents that refer or relate to the development and selection of the name

6    CERMAX.

7    **RESPONSE TO REQUEST NO. 20:**

8         The request is objected to on the basis of relevancy since the documents requested are

9    neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

10    *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

11    party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

12    and unduly burdensome. Responding party further objects to this request to the extent that it

13    seeks documents protected by the attorney-client and work product privileges. Responding party

14    additionally objects to this request to the extent it seeks proprietary business information or other

15    confidential information.

16    **REQUEST NO. 21:**

17         All documents that refer or relate to Cerma Technology, Inc.'s source of supply for the

18    chemicals and components of any product sold under the name CERMAX.

19    **RESPONSE TO REQUEST NO. 21:**

20         The request is objected to on the basis of relevancy since the documents requested are

21    neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

22    *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

23    party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

24    and unduly burdensome. Responding party further objects to this request to the extent that it

25    seeks documents protected by the attorney-client and work product privileges. Responding party

26    additionally objects to this request to the extent it seeks proprietary business information or other

27    confidential information.

28    ///

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

12

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

**REQUEST NO. 22:**

Documents sufficient to identify Cerma Technology, Inc.'s recipe or formula for any product sold using the name CERMAX, regardless of source of supply.

**RESPONSE TO REQUEST NO. 22:**

The request is objected to on the basis of relevancy since the documents requested are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding party objects to this request to the extent that it is compound, vague and ambiguous, overly broad and unduly burdensome. Responding party further objects to this request to the extent that it seeks documents protected by the attorney-client and work product privileges. Responding party additionally objects to this request to the extent it seeks proprietary business information or other confidential information.

**REQUEST NO. 23:**

All documents that refer or relate to or that constitute minutes of the board of directors of Cerma Technology. Inc.

**RESPONSE TO REQUEST NO. 23:**

The request is objected to on the basis of relevancy since the documents requested are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding party objects to this request to the extent that it is compound, vague and ambiguous, overly broad and unduly burdensome. Responding party further objects to this request to the extent that it seeks documents protected by the attorney-client and work product privileges. Responding party additionally objects to this request to the extent it seeks proprietary business information or other confidential information.

**REQUEST NO. 24:**

All documents that refer or relate to or that constitute minutes of the Board of Directors of Safer Technologies, Inc.

13

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

1 **RESPONSE TO REQUEST NO. 24:**

2      The request is objected to on the basis of relevancy since the documents requested are

3 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

4 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

5 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

6 and unduly burdensome. Responding party further objects to this request to the extent that it

7 seeks documents protected by the attorney-client and work product privileges. Responding party

8 additionally objects to this request to the extent it seeks proprietary business information or other

9 confidential information.

10 **REQUEST NO. 25:**

11      All documents that constitute or evidence the corporate formation of Safer Technologies.

12 Inc., including but not limited to all documents filed with any governmental or semi-

13 governmental agency.

14 **RESPONSE TO REQUEST NO. 25:**

15      The request is objected to on the basis of relevancy since the documents requested are

16 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

17 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

18 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

19 and unduly burdensome. Responding party further objects to this request to the extent that it

20 seeks documents protected by the attorney-client and work product privileges. Responding party

21 additionally objects to this request to the extent it seeks proprietary business information or other

22 confidential information.

23 **REQUEST NO. 26:**

24      Documents sufficient to identify all past and present officers of Safer Technologies, Inc.,

25 including but not limited to all filings with any governmental or semi-governmental agency in

26 which such officers are identified.

27 ///

28

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

1 **RESPONSE TO REQUEST NO. 26:**

2 The request is objected to on the basis of relevancy since the documents requested are

3 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

4 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

5 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

6 and unduly burdensome. Responding party further objects to this request to the extent that it

7 seeks documents protected by the attorney-client and work product privileges. Responding party

8 additionally objects to this request to the extent it seeks proprietary business information or other

9 confidential information.

10 **REQUEST NO. 27:**

11 Documents sufficient to identify all past and present officers of Cerma Technology. Inc..

12 including but not limited to all filings with any governmental or semi-governmental agency in

13 which such officers are identified.

14 **RESPONSE TO REQUEST NO. 27:**

15 The request is objected to on the basis of relevancy since the documents requested are

16 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

17 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

18 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

19 and unduly burdensome. Responding party further objects to this request to the extent that it

20 seeks documents protected by the attorney-client and work product privileges. Responding party

21 additionally objects to this request to the extent it seeks proprietary business information or other

22 confidential information.

23 ///

24 ///

25 ///

26 ///

27 ///

28

15

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

1

2 Dated: July 20, 2009                                    CRAIGIE, McCARTHY & CLOW

3

4

5                                                          By: Kristen E. Drake
                                                           Attorneys for Defendants
6                                                          SAFER TECHNOLOGIES, INC.,
                                                           CERMA TECHNOLOGY, INC.,
7                                                          GEORGE ACKERSON,
                                                           MARY STRANAHAN,
8                                                          NICHOLAS STREIT and
                                                           EDWARD HALBACH
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's First Set of Document Production
Requests

**PROOF OF SERVICE**

1

2       I, Kristen Drake, certify and declare as follows:

3       I am over the age of 18 years, and not a party to this action. My business address is
        Craigie, McCarthy & Clow, 540 Pacific Avenue, San Francisco, California 94133.

4

5       **X** **BY MAIL**: I am readily familiar with the business practice at my place of business for
        collection and processing of correspondence for mailing with the United States Postal Service.
6       Correspondence so collected and processed is deposited with the United States Postal Service
        that same day in the ordinary course of business. On July 20, 2009, at my place of business at
7       Craigie, McCarthy & Clow, 540 Pacific Avenue, San Francisco, California 94133, I placed the
8       document(s) described on the attached document list for deposit in the United States Postal
        Service in a sealed envelope, with postage fully prepaid, addressed to those persons listed in the
9       attached service list.

10
        _____ **BY FAX**: On July 20, 2009, I transmitted from a facsimile transmission machine,
11      whose telephone number (415) 732-7783, the following document(s) described on the attached
        document list and a copy of this declaration to the recipient and their fax number as indicated
12      on the attached service list. The transmission was reported as complete without error by a
        transmission report issued by the facsimile transmission machine immediately following the
13      transmission. A true and correct copy of the transmission report may be requested from the
14      undersigned by calling (415) 732-7788.

15      _____ **BY FEDERAL EXRPESS**: On July 20, 2009, I deposited in a box or other facility
        regularly maintained by Federal Express, an express service carrier, or delivered to a courier or
16      driver authorized by this express service carrier to receive documents, a copy of the
17      document(s) described on the attached document list, together with a copy of this declaration, in
        an envelope designated by the this express service carrier, with delivery fees paid or provided
18      for, addressed to those persons listed on the attached service list.

19      _____ **BY HAND DELIVERY**: On July 20, 2009, I caused a copy of the document(s)
        described on the attached document list, together with a copy of this declaration, to be hand
20      delivered, with delivery fees paid or provided for, to those persons listed on the attached service
21      list.

22      I certify and declare under penalty of perjury under the laws of the State of California
        that the foregoing is true and correct. Executed at San Francisco, California on July 20, 2009.
23
                                                            Kristen Drake
24
                                                      Kristen Drake
25

26                          Document and Service Lists Attached

27

28

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

1

## DOCUMENT LIST

2
3

DEFENDANT CERMA TECHNOLOGY, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT PRODUCTION REQUESTS

4

## SERVICE LIST

5

6
7
8
9

Robert C. Weems
WEEMS LAW OFFICES
Fair-Anselm Plaza, 2d Fl. W
751 Center Blvd.
Fairfax, CA 94930
Facsimile: (415-259-0108)
Attorneys for Plaintiff
MOTOR WORKS LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

James M. Hanavan, State Bar No. 66097
Kristen E. Drake, State Bar No. 202827
CRAIGIE, McCARTHY & CLOW
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 732-7788
Facsimile: (415) 732-7783

Attorneys for Defendants
SAFER TECHNOLOGIES, INC.,
CERMA TECHNOLOGY, INC.,
GEORGE ACKERSON, MARY STRANAHAN,
NICHOLAS STREIT and EDWARD HALBACH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOTOR WORKS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SAFER TECHNOLOGIES, INC., CERMA TECHNOLOGY, INC., GEORGE ACKERMAN, MARY STRANAHAN, NICHOLAS STREIT, TIM STREIT and EDWARD HALBACH,<br><br>Defendants. | Case No.: 08-CV-03608 RS<br><br>**DEFENDANT CERMA TECHNOLOGY, INC.'S RESPONSES TO PLAINTIFF'S SECOND SET OF DOCUMENT PRODUCTION REQUESTS** |

PROPOUNDING PARTY:          Plaintiff MOTOR WORKS LLC

RESPONDING PARTY:          Defendant CERMA TECHNOLOGY, INC.

SET NO.:          TWO (2)

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Defendant Cerma Technology, Inc. (hereinafter "Cerma", "defendant" or "responding party") by and through its attorneys of record, Craigie, McCarthy & Clow, hereby responds to plaintiff's Second Set of Document Production Requests propounded to defendant by Plaintiff Motor Works LLC (hereinafter "Motor Works", "plaintiff," or "propounding party") as follows:

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

1

1

**GENERAL OBJECTIONS**

2        1.       Responding party is not a proper party defendant as responding party was acquired

3    by SAFER TECHNOLOGIES, INC. and has no separate corporate existence apart from SAFER

4    TECHNOLOGIES, INC. Responding party objects to this set of requests, the instructions

5    thereto, the definitions, and to each request contained therein, to the extent they seek to impose

6    obligations on defendant beyond those set forth in the appropriate statutes. Responding party's

7    responses are governed by, and shall be provided pursuant to, the applicable statutory rules and

8    court rules.

9        2.       Responding party objects to these requests to the extent they seek information or

10   documents protected under the attorney client and/or work product privileges. Such information

11   or documents are beyond the scope of discovery and shall not be disclosed in response to any of

12   these requests. Any inadvertent production of any privileged or protected document will not

13   constitute a waiver of any privilege or protection.

14       3.       Responding party objects to this set of requests, and to each request contained

15   therein on the grounds they are overly broad, unduly burdensome and seek documents that are

16   neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the

17   discovery of admissible evidence. Discovery is ongoing in this matter. Responding party

18   responds in light of information known to date or discoverable upon reasonable inquiry.

19   Responding party reserves the right to amend and/or supplement these responses to reflect

20   subsequently discovered facts or evidence, and/or to introduce such facts or evidence at trial or at

21   any other appropriate time during this action.

22       4.       Responding party objects to this set of requests, and to each request contained

23   therein to the extent it contains repetitive or overlapping requests and to the extent it does not set

24   forth and describe individual items with reasonable particularity or is otherwise vague,

25   ambiguous, unclear or unintelligible.

26       5.       Responding party objects to this set of requests, and to each request contained

27   therein to the extent that it seeks information which consists of proprietary business information

28

CRAIGIE, MCCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

2

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's Second Set of Document Production
Requests

1 or other confidential information.

2     6.     Responding party objects to this set of requests, and to each request contained
3 therein to the extent that it seeks information not in the possession, custody or control of
4 responding party. Responding party further objects to each request to the extent it seeks
5 information obtainable from some other source that is more convenient, less burdensome, or less
6 expensive.

7     7.     Responding party objects to the time and place set forth in the requests for
8 production of documents as vague and unduly burdensome. Responsive documents shall be
9 produced at a mutually convenient time and place to be determined following meet and confer by
10 and between counsel for the respective parties.

11     8.     In the interest of brevity, these general objections are set forth one time only at this
12 point, and are incorporated by reference into each and every one of the following responses.

13 ## RESPONSES TO DOCUMENT PRODUCTION REQUESTS

14 **REQUEST NO. 28:**

15     All documents that refer or relate to Safer Technologies, Inc.'s acquisition of Cerma
16 Technologies. Inc.

17 **RESPONSE TO REQUEST NO. 28:**

18     The request is objected to on the basis of relevancy since the documents requested are
19 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*
20 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding
21 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad
22 and unduly burdensome. Responding party further objects to this request to the extent that it
23 seeks documents protected by the attorney-client and work product privileges. Responding party
24 additionally objects to this request to the extent it seeks proprietary business information or other
25 confidential information.

26 **REQUEST NO. 29:**

27     All documents that refer or relate to or that evidence Cerma Technology, Inc.'s claim to

28

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's Second Set of Document Production
Requests

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

1 ownership of, or a right to use, the CERMAX mark.

2 **RESPONSE TO REQUEST NO. 29:**

3 The request is objected to on the basis of relevancy since the documents requested are

4 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

5 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

6 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

7 and unduly burdensome. Responding party further objects to this request to the extent that it

8 seeks documents protected by the attorney-client and work product privileges. Responding party

9 additionally objects to this request to the extent it seeks proprietary business information or other

10 confidential information.

11 **REQUEST NO. 30:**

12 All documents that refer or relate to or that evidence the basis of Cerma Technology,

13 Inc.'s claim to ownership of, or a right to use, any trade name, service mark and/or trade mark,

14 registered or otherwise, that is subject to this action, including but not limited to CERMA,

15 CERMA LUBRICATION, CERMAX, CERMA ENGINE LUBE, CERMA LUBE, CERMA

16 ADVANCED LUBRICATION TECHNOLOGY, CERMA ORGANIC and/or any other such

17 mark or name used by Cerma Technology, Inc. in connection with any of its products or services.

18 **RESPONSE TO REQUEST NO. 30:**

19 The request is objected to on the basis of relevancy since the documents requested are

20 neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

21 *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

22 party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

23 and unduly burdensome. Responding party further objects to this request to the extent that it

24 seeks documents protected by the attorney-client and work product privileges. Responding party

25 additionally objects to this request to the extent it seeks proprietary business information or other

26 confidential information.

27 **REQUEST NO. 31:**

28 All documents that refer or relate to or that constitute any label used for any Cerma

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

4

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's Second Set of Document Production
Requests

1   Technology, Inc. product, including but not limited to products bearing or that have born any of

2   the following marks: CERMA, CERMA LUBRICATION, CERMAX, CERMA ENGINE

3   LUBE, CERMA LUBE, CERMA ADVANCED LUBRICATION TECHNOLOGY, CERMA

4   ORGANIC.

5   **RESPONSE TO REQUEST NO. 31:**

6         The request is objected to on the basis of relevancy since the documents requested are

7   neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

8   *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

9   party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

10  and unduly burdensome. Responding party further objects to this request to the extent that it

11  seeks documents protected by the attorney-client and work product privileges. Responding party

12  additionally objects to this request to the extent it seeks proprietary business information or other

13  confidential information.

14  **REQUEST NO. 32:**

15        All documents that refer or relate to or that constitute any label used for any Cerma

16  Technology, Inc. product, including but not limited to any label referencing Motor Works LLC.

17  **RESPONSE TO REQUEST NO. 32:**

18        The request is objected to on the basis of relevancy since the documents requested are

19  neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

20  *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

21  party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

22  and unduly burdensome. Responding party further objects to this request to the extent that it

23  seeks documents protected by the attorney-client and work product privileges. Responding party

24  additionally objects to this request to the extent it seeks proprietary business information or other

25  confidential information.

26  **REQUEST NO. 33:**

27        All documents reflecting, referring to or relating to any statement made by any defendant

28

5

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's Second Set of Document Production
Requests

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

1    herein concerning Motor Works LLC, and/or any its officers, directors or employees :o any actual

2    or potential Cerma Technology, Inc. customer or supplier.

3    **RESPONSE TO REQUEST NO. 33:**

4         The request is objected to on the basis of relevancy since the documents requested are

5    neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

6    *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

7    party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

8    and unduly burdensome. Responding party further objects to this request to the extent that it

9    seeks documents protected by the attorney-client and work product privileges. Responding party

10   additionally objects to this request to the extent it seeks proprietary business information or other

11   confidential information.

12   **REQUEST NO. 34:**

13        All documents that refer or relate to or that reflect any comparison of any Cerma

14   Technology, Inc. product or service with any third party product or service.

15   **RESPONSE TO REQUEST NO. 34:**

16        The request is objected to on the basis of relevancy since the documents requested are

17   neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. *See,*

18   *e.g., Microsoft Corp. v. EEE Business Inc.*, 555 F.Supp2d 1051 (N.D. Cal. 2008). Responding

19   party objects to this request to the extent that it is compound, vague and ambiguous, overly broad

20   and unduly burdensome. Responding party further objects to this request to the extent that it

21   seeks documents protected by the attorney-client and work product privileges. Responding party

22   additionally objects to this request to the extent it seeks proprietary business information or other

23   confidential information.

24   ///

25   ///

26   ///

27   ///

28

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

6

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's Second Set of Document Production
Requests

1

2 Dated: July 20, 2009

CRAIGIE, McCARTHY & CLOW

3

4

5 By: Kristen E. Drake
Attorneys for Defendants
6 SAFER TECHNOLOGIES, INC.,
CERMA TECHNOLOGY, INC.,
7 GEORGE ACKERSON,
MARY STRANAHAN,
8 NICHOLAS STREIT and
EDWARD HALBACH

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Defendant Cerma Technology, Inc.'s Responses to
Plaintiff's Second Set of Document Production
Requests

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 • Facsimile: 415/732-7783

## **PROOF OF SERVICE**

I, Kristen Drake, certify and declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is Craigie, McCarthy & Clow, 540 Pacific Avenue, San Francisco, California 94133.

**BY MAIL**: I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On July 20, 2009, at my place of business at Craigie, McCarthy & Clow, 540 Pacific Avenue, San Francisco, California 94133, I placed the document(s) described on the attached document list for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid, addressed to those persons listed in the attached service list.

**BY FAX**: On July 20, 2009, I transmitted from a facsimile transmission machine, whose telephone number (415) 732-7783, the following document(s) described on the attached document list and a copy of this declaration to the recipient and their fax number as indicated on the attached service list. The transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine immediately following the transmission. A true and correct copy of the transmission report may be requested from the undersigned by calling (415) 732-7788.

**BY FEDERAL EXRPESS**: On July 20, 2009, I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by this express service carrier to receive documents, a copy of the document(s) described on the attached document list, together with a copy of this declaration, in an envelope designated by the this express service carrier, with delivery fees paid or provided for, addressed to those persons listed on the attached service list.

**BY HAND DELIVERY**: On July 20, 2009, I caused a copy of the document(s) described on the attached document list, together with a copy of this declaration, to be hand delivered, with delivery fees paid or provided for, to those persons listed on the attached service list.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on July 20, 2009.

Kristen Drake

Kristen Drake

Document and Service Lists Attached

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

1

## DOCUMENT LIST

2

DEFENDANT CERMA TECHNOLOGY, INC.'S RESPONSES TO PLAINTIFF'S SECOND
SET OF DOCUMENT PRODUCTION REQUESTS

3

4

## SERVICE LIST

5

Robert C. Weems

6  WEEMS LAW OFFICES
Fair-Anselm Plaza, 2d Fl. W

7  751 Center Blvd.
Fairfax, CA 94930

8  Facsimile: (415-259-0108)
Attorneys for Plaintiff

9  MOTOR WORKS LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

Case5:08-cv-03608-JW    Document78    Filed02/16/10    Page50 of 52



**Rob Weems <rcweems@gmail.com>**

# Motor Works v. Safer

3 messages

---

**craigielaw@aol.com <craigielaw@aol.com>**                    **Mon, Jan 4, 2010 at 4:56 PM**
To: rcweems@weemslawoffices.com
Cc: JimHanavan@aol.com

Dear Mr. Weems,

Pursuant to Federal Rules of Civil Procedure, Rule 37 and Local Rule 37, we request a conference with you to meet and confer on discovery issues. We are available anytime this week for such a conference, but request that the parties move quickly as the trial date is approaching. **Please respond to this e-mail by 5:00 p.m. on Tuesday to indicate your availability for a conference ASAP.**

We need to discuss Safer's failure to respond to the outstanding discovery and to produce Mr. Murray for deposition. As you are aware, on June 1, 2009, Safer served Motor Works with special interrogatories, requests for admission and a request to produce documents. Motor Works' responses were due on July 1, 2009. On July 6, 2009, you e-mailed responses to the requests for admission portion of the outstanding discovery, without any of the requested explanation for the denials. You represented that you "hop[ed] to have the balance of Motor Works' responses to [Safer's outstanding discovery] by Friday [July 10th]."

You have never served the responses. As indicated above, please get back to us by Tuesday at 5:00 p.m. with a time for us to conduct the required meet and confer conference.

Thank you,

Kristen Drake

---

**Rob Weems <rcweems@weemslawoffices.com>**                    **Tue, Jan 5, 2010 at 4:35 PM**
To: craigielaw@aol.com
Cc: JimHanavan@aol.com

I should be available to discuss both the defendants' and the plaintiff's discovery responses after 1:45 on Friday through at least 3:30/4:00. As you are aware, your client's failed and refused to produce any documents in response to plaintiff's requests. To that end, please review your clients' responses to determine if they are prepared at this time to produce any responsive documents.

I would, however, also encourage you to discuss settlement prospects with your clients before we all hunker down into full on trial preparation mode. As indicated at the tiem of our unsuccessful mediation, my client is willing to look at alternatives that will permit yours to continue use of the CERMAX mark.

Truly,

Robert Weems

WEEMS LAW OFFICES
751 Center Blvd. Fairfax, CA  94930
P: 415.259.0293 F: 415.259.0108


On Mon, Jan 4, 2010 at 4:56 PM,  <craigielaw@aol.com> wrote:
> Dear Mr. Weems,
>
> Pursuant to Federal Rules of Civil Procedure, Rule 37 and Local Rule 37, we
> request a conference with you to meet and confer on discovery issues.  We
> are available anytime this week for such a conference, but request that the
> parties move quickly as the trial date is approaching.  Please respond to
> this e-mail by 5:00 p.m. on Tuesday to indicate your availability for a
> conference ASAP.
>
> We need to discuss Safer's failure to respond to the outstanding discovery
> and to produce Mr. Murray for deposition.  As you are aware, on June 1,
> 2009, Safer served Motor Works with special interrogatories, requests for
> admission and a request to produce documents.  Motor Works' responses were
> due on July 1, 2009.  On July 6, 2009, you e-mailed responses to the
> requests for admission portion of the outstanding discovery, without any of
> the requested explanation for the denials.  You represented that you
> "hop[ed] to have the balance of Motor Works' responses to [Safer's
> outstanding discovery] by Friday [July 10th]."
>
> You have never served the responses.  As indicated above, please get back to
> us by Tuesday at 5:00 p.m. with a time for us to conduct the required meet
> and confer conference.
>
> Thank you,
>
> Kristen Drake
>

---

**Rob Weems <rcweems@weemslawoffices.com>**                    Thu, Jan 7, 2010 at 11:52 PM
To: craigielaw@aol.com
Cc: JimHanavan@aol.com

Counsel:

Having no confirmation back from you on meeting and conferring on
discovery issues tomorrow afternoon, I have scheduled other meetings.
I have relatively open days Monday-Wednesday of next week if you would
like to reschedule for one of those days.

Robert
WEEMS LAW OFFICES
751 Center Blvd. Fairfax, CA  94930
P: 415.259.0293 F: 415.259.0108


On Tue, Jan 5, 2010 at 4:35 PM, Rob Weems <rcweems@weemslawoffices.com> wrote:
> I should be available to discuss both the defendants' and the
> plaintiff's discovery responses after 1:45 on Friday through at least
> 3:30/4:00.  As you are aware, your client's failed and refused to

> produce any documents in response to plaintiff's requests.  To that
> end, please review your clients' responses to determine if they are
> prepared at this time to produce any responsive documents.
>
> I would, however, also encourage you to discuss settlement prospects
> with your clients before we all hunker down into full on trial
> preparation mode.  As indicated at the tiem of our unsuccessful
> mediation, my client is willing to look at alternatives that will
> permit yours to continue use of the CERMAX mark.
>
> Truly,
>
> Robert Weems
>
> WEEMS LAW OFFICES
> 751 Center Blvd. Fairfax, CA  94930
> P: 415.259.0293 F: 415.259.0108
>
>
>
> On Mon, Jan 4, 2010 at 4:56 PM,  <craigielaw@aol.com> wrote:
>> Dear Mr. Weems,
>>
>> Pursuant to Federal Rules of Civil Procedure, Rule 37 and Local Rule 37, we
>> request a conference with you to meet and confer on discovery issues.  We
>> are available anytime this week for such a conference, but request that the
>> parties move quickly as the trial date is approaching.  Please respond to
>> this e-mail by 5:00 p.m. on Tuesday to indicate your availability for a
>> conference ASAP.
>>
>> We need to discuss Safer's failure to respond to the outstanding discovery
>> and to produce Mr. Murray for deposition.  As you are aware, on June 1,
>> 2009, Safer served Motor Works with special interrogatories, requests for
>> admission and a request to produce documents.  Motor Works' responses were
>> due on July 1, 2009.  On July 6, 2009, you e-mailed responses to the
>> requests for admission portion of the outstanding discovery, without any of
>> the requested explanation for the denials.  You represented that you
>> "hop[ed] to have the balance of Motor Works' responses to [Safer's
>> outstanding discovery] by Friday [July 10th]."
>>
>> You have never served the responses.  As indicated above, please get back to
>> us by Tuesday at 5:00 p.m. with a time for us to conduct the required meet
>> and confer conference.
>>
>> Thank you,
>>
>> Kristen Drake
>>
>