James M. Hanavan, State Bar No. 66097
Kristen E. Drake, State Bar No. 202827
CRAIGIE, McCARTHY & CLOW
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 732-7788
Facsimile: (415) 732-7783

Attorneys for Defendants
SAFER TECHNOLOGIES, INC.,
CERMA TECHNOLOGY, INC.,
GEORGE ACKERSON, MARY STRANAHAN,
NICHOLAS STREIT and EDWARD HALBACH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOTOR WORKS LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>SAFER TECHNOLOGIES, INC., CERMA TECHNOLOGY, INC., GEORGE ACKERMAN, MARY STRANAHAN, NICHOLAS STREIT, TIM STREIT and EDWARD HALBACH,<br><br>    Defendants. | Case No.: 08-CV-03608 JW<br><br>**JOINT FINAL PRETRIAL CONFERENCE STATEMENT**<br><br>Date:  March 8, 2010<br>Time:  11:00 a.m.<br>Courtroom:  8, 4th Floor<br>Judge:  Hon. James Ware |

Pursuant to the Court's February 18, 2010 and July 8, 2009 Orders, the parties respectfully submit the following Joint Final Pretrial Conference Statement:

**1.   Brief Description Of The Substance Of Claims And Defenses Which Remain To Be Decided**

   **A.   Plaintiff's Statement**:

The three causes of action at issue for trail are, as follow:

   1.   false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a),

   2.   common law unfair competition, 15 U.S.C. § 1125(a), and

   3.   violation of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.

1

Joint Pretrial Conference Statement

Defendants' affirmative defenses are, as follows:

1. (Failure to State a Claim) The Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted as to any Defendant.

2. (Lack of Standing) Plaintiff lacks standing to assert each of its claims because Plaintiff does not own the rights to the asserted trademarks.

3. (Acquiescence) Each of Plaintiff's claims is barred by the application of the doctrine of acquiescence.

4. (Unclean Hands) Plaintiff is barred from asserting each of its claims by the doctrine of unclean hands.

5. (Waiver and Estoppel) Each of Plaintiff's claims is barred by the doctrines of waiver and/or estoppel.

6. (Express and Implied License) To the extent, if any, that Plaintiff has or had any ownership rights to the asserted trademarks, Plaintiff conferred an express or implied license to Defendants to use and otherwise exploit the asserted trademarks.

**B.  Defendants' Statement**:

Plaintiff's Allegations Are A Sham:

Neither John Murray, plaintiff's principal, nor plaintiff Motor Works LLC ("Motor Works") own any product or the right to sell any product that could have been "reverse engineered" by defendants Safer Technologies, Inc. ("Safer") or Cerma Technology, Inc. ("CTI"). Murray purchased the product at issue from BYK-Chemie GmbH, a division of the ALTANA Group in Wesel, Germany or one of its many American distributors. E-mails from Murray as well as Dr. Alvah Bittner's declaration prove that Murray sold defendants the BYK-333 he obtained from BYK-Chemie GmbH. [Reply Declaration of Nicholas Streit (Docket # 81); Declaration of Dr. Alvah Bittner (Docket #82).]

Defendants' Proposed Counterclaims:

On or about May 24, 2008, Motor Works and John Murray published a posting on the website "Ripoff Report" claiming that defendants stole Motor Works' and Mr. Murray's products and name and "that any products you see on their site is stolen technology and most

1 likely not the same product that they are saying it is in their testimonials section." [Streit Decl. at
2 ¶¶ 16-21 and attached exhibits (Docket #75); Declaration of Andy Heintzelman ("Heintzelman
3 Decl.") at ¶¶ 1-3 (Docket #70); Declaration of Gregory K. Soderberg ("Soderberg Decl.") at ¶¶ 1-
4 3 (Docket #73); Declaration of Jay Erickson ("Erickson Decl.") at ¶¶ 1-6 (Docket #72); Hanavan
5 Decl. at ¶ 9 (Docket #74); Exhibit "A" thereto.]

6 On or about December 21, 2009, Motor Works and John Murray published a posting on
7 the website "Ripoff Report" claiming that "the company Cerma technology, selling the product
8 called Cermax Stolen from a company called Cerma Organic in Texas, The original makers and
9 rightful owners of the products. Also Safer medical inc, as both companies are owned by
10 'George S. Ackerson' Who is 57 years old and been steeling other companies products for many
11 years, then pushing the original companies to the breaking point with lies and treats to their
12 clients, or turning them into some government agency in an effort to take over there market."
13 [sic] [Streit Decl. at ¶¶ 16-21 and attached exhibits (Docket #75); Heintzelman Decl. at ¶¶ 1-3
14 (Docket #70); Soderberg Decl. at ¶¶ 1-3 (Docket #73); Erickson Decl. at ¶¶ 1-6 (Docket #72);
15 Hanavan Decl. at ¶ 10; Exhibit "B" thereto (Docket #74).]

16 On or about January 21, 2010, Motor Works and John Murray published a posting on
17 the website "Ripoff Report" claiming that "my ingles not so good, I want to say I order product
18 2300 US from this guy at cermax. Talked to goerge akerson and nick they say they invent and
19 have testing, and insurance so i order product send money to cerma technology and never get
20 product. I call and no one answer, so I e-mail no one send back e-mail it has been 6 month with
21 nothing? why this company not in prison? Cermax send me backmy money! crokes ! i so mad
22 at them, they steel my money they promises I get distubership here in my contry But just tak my
23 money! whi you do that george you ar bad man." [sic] [Streit Decl. at ¶¶ 16-21 and attached
24 exhibits (Docket #75); Heintzelman Decl. at ¶¶ 1-3 (Docket #70); Soderberg Decl. at ¶¶ 1-3
25 (Docket #73); Erickson Decl. at ¶¶ 1-6 (Docket #72); Hanavan Decl. at ¶ 11; Exhibit "C"
26 thereto (Docket #74).]

27 Murray is the author of these postings. A third party, Daniel M. Godbout, has just
28 confirmed that John Murray did indeed post the subject defamatory articles about Safer and CTI,

1  collectively "Defendants", on the "Ripoff Report" website. In his declaration, attached as Exhibit
2  "A" to the declaration of Kristen E. Drake (Docket #84), Mr. Godbout states that Murray "asked
3  for my help with some Rip Off reports that he had filed against companies and products. The Rip
4  Off reports are on the internet on the Rip Off Report web site and are against the products
5  Cermax…, and the companies Safer Technologies…" [Declaration of Daniel M. Godbout
6  ("Godbout Decl.") at ¶ 2, Ex. "A" to Docket #84.]

7  Mr. Godbout further states that Murray was asking for help regarding the internet ranking
8  of the Ripoff Report articles as the "reports he [Murray] filed were having unintended damaging
9  results to his [Murray's] product and company and against his Cerma Canada Distributor."
10 [Godbout Dec. at ¶ 3, Ex. "A" to Docket #84.] Murray wanted Mr. Godbout's assistance in
11 "lower[ing] the ranking on the reports that were causing him and his distributors damage and/or
12 concern." Mr. Godbout elected not to assist Mr. Murray. [Godbout Dec. at ¶ 4, Ex. "A" to
13 Docket #84.]

14 **2.** **Detailed Statement Of All The Relief Claimed**
15 **Plaintiff's Statement**:

16 Plaintiff seeks the following at trial: (1) a permanent injunction, as described below,
17 against defendants continued use of the marks and mandating acts in compliance with and
18 furtherance of that injunction, including assignment of the CERMAX registration and any
19 applications for registration of any CERMA MARKS; (2) an accounting of defendants' sales
20 volume and profits; (3) damages, measured from such accounting, the cost of corrective
21 advertising, costs of suit and attorneys' fees; and (4) treble damages.

22 Permanent Injunction: (A) That Defendant(s), its officers, agents, servants, employees,
23 and attorneys and all those persons in active concert or participation with them be permanently
24 enjoined and restrained from: (a) Using any of the CERMA family of trademarks or any
25 confusingly similar designation alone or in combination with other words, as a trademark, trade
26 name component or otherwise, to market, advertise or identify Defendants' products; (b)
27 Otherwise infringing Plaintiff's marks; (c) Unfairly competing with Plaintiff in any manner
28 whatsoever; and (d) Causing likelihood of confusion, injury to business reputation, or dilution of

the distinctiveness of Plaintiff's symbols, labels, or forms of advertisement; (e) cease use of any and all materials developed in connection with the advertising, promotion and marketing of Plaintiff's products including but not limited to customer testimonials, photographs, text, test and performance data. (B) That Defendant be directed to file with this Court and serve on Plaintiff within ten days after the service of the injunction herein, a report in writing under oath, setting forth in detail the manner and form in which defendant has complied therewith; (C) That Defendant be required to deliver up and destroy all devices, literature, advertising and other material bearing the infringing designation; (D) That Defendant be required to assign all state or federal registrations or application for registration of any of the CERMA MARKS, including but not limited to CERMAX.

Plaintiff anticipates presenting evidence on damages through Mr. Murray and Mr. Saperstein and upon defendants' accounting. Plaintiff shall seek an award of costs and attorneys' fees shall be by post-trial motion.

**Defendants' Statement**:

See "Defendants' Proposed Counterclaims" section in #1, above.

**3.** **Plain And Concise Statement Of All Relevant Facts Not Reasonably Disputable**

**Plaintiff's Statement**:

Plaintiff manufactures motor lubricant additives. Defendant CTI distributed Plaintiff's product in the past. Certain CERMA MARKS were first used in commerce while CTI distributed those products, including the CERMAX mark.

CTI stopped selling Plaintiff's products. After CTI stopped selling Plaintiff's product, STI acquired CTI. Defendants CTI and STI have sold and continue to sell a motor lubricant additive using the CERMAX mark since the relationship between Plaintiff and CTI ended. CTI also uses the CERMA ADVANCED LUBRICATION TECHNOLOGY mark. Plaintiff and STI each sought federal registration of certain CERMA MARKS, including one or more conflicting registrations. STI received federal registration of the mark CERMAX. No other mark at issue is registered.

**Defendants' Statement**:

1     See "Plaintiff's Allegations Are a Sham" section in #1, above.

**4. Plain And Concise Statement Of All Disputed Factual Issues Which Remain To Be Decided:**

All factual issues are in dispute.

**5. Statement Assessing Whether All Or Part Of The Action May Be Presented Upon An Agreed Statement Of Facts**

No.

**6. Statement Of Stipulations Requested Or Proposed For Pretrial Or Trial Purposes**

Neither party has proposed trial or pretrial stipulations.

**7. Concise Statement of Each Disputed Point Of Law Concerning Liability Or Relief**

**Plaintiff's Statement**:

Defendants contend that STI's ownership of the federal registration in CERMAX is *prima facie* evidence of ownership of that mark. Plaintiff contends that ownership of the marks at issue is governed by the factors identified in *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217 (9th Cir. 1996). In Sengoku, RMC had served from 1985 to 1993 as the exclusive United States distributor of kerosene heaters manufactured by Sengoku, which bore the trademark "Keroheat." *Id*. at 1218. In 1992, while RMC was a distributor for Sengoku, RMC obtained a registration of the trademark "Keroheat." *Id*. at 1219, 1221. In 1993, RMC decided to end its relationship with Sengoku and began marketing kerosene heaters from another supplier. *Id*.

    The Ninth Circuit held: "[w]hen disputes arise between a manufacturer and distributor, courts will look first to any agreement between the parties regarding trademark rights[, but] in the absence of an agreement between the parties, the manufacturer is presumed to own the trademark." *Id.* at 1220. The court concluded that a distributor could rebut that presumption by showing that the following factors weighed in its favor: (1) which party invented and first affixed the mark onto the product; (2) which party's name appeared with the trademark; (3) which party maintained the quality and uniformity of the product; and (4) with which party the public identified the product and to whom purchasers made complaints. *Id*.

**Defendants' Statement:**

See "Plaintiff's Allegations Are a Sham" section in #1, above, as well as Defendants' Brief in Support of Motion for Summary Judgment (Docket #37) and Brief in Support of Temporary Restraining Order (Docket #68).

**8.** **List Of All Witnesses Likely To Be Called At Trial**

**Plaintiff's Statement**:

Ajamu "Jah" Kafele
Al Bresciani
Alvah Bittner
Chad Green
Charles Penner
Chris Wescott
Dee Shores
Don Offenbacker
Ed and Chris
Edward Halbach
Floyd A. Halbach
Frank Congleton
Gabriel Montante
Garrett Lowe
George Ackerman
Gerald Wiggers
Glenn E. Frysinger
Greg Sodeberg
Herbert Peters
Jack Otto
James Archer
Jay Erickson
Jim Hutchison
Joe Halbach
John Murray
Jon Saferstein
Joy Dobson
Ken Sweetland
Kenneth Ham
Kent Trembly
Lynn Johnson
Mary Stranahan
Matt Vogel
Mike Shores
Mike Wittchow
Monique L. Ribando
Nicholas Streit
Nick Maiorino
Norm Farnum
Raymond Jarlik-Bell
Robert W. Kaelin
Ron Koehn
Ronald Viebrock
Steve Koebrick
Steve Piattoni

Joint Pretrial Conference Statement

Tim Howland
Tim Streit
Wayne Johnson

**Defendants' Statement**:

Plaintiff provided no verified discovery responses and did not produce John Murray for deposition. Accordingly, defendants had no opportunity to prepare their defense. If plaintiff were to respond to discovery and produce Mr. Murray for deposition, defendants could prepare their defense, including a list of witnesses, in a matter of weeks.

It should be noted that plaintiff's counsel has stated that "Plaintiff may also suffer significant prejudice and increased costs and expenses in the event that plaintiff's counsel is unable to continue representation past the dates currently schedule for trial." (Docket #78). However, any claimed prejudice to plaintiff is the result of the consequences of his own actions in failing to respond to discovery and appear for deposition.

**9. List Of Evidence The Parties Intend To Present At Trial Through Use Of Excerpts From Depositions, From Interrogatory Answers, Or From Responses To Requests For Admission**

**Plaintiff's Statement**:

None

**Defendants' Statement**:

No depositions were taken as Mr. Murray did not appear for his deposition. Further, there are no verified discovery responses from plaintiff as it failed to respond to defendants' discovery.

**10. Any Other Subject Relevant To The Trial Of The Action, Or Material To Its Just, Speedy And Inexpensive Determination**

**Plaintiff's Statement**:

(a) READINESS FOR TRIAL: Plaintiff is ready to proceed to trial.

(b) SETTLEMENT EFFORTS: There have been no further settlement efforts.

**Defendants' Statement**:

Plaintiff provided no verified discovery responses and did not produce John Murray for deposition. Accordingly, defendants had no opportunity to prepare their defense. If plaintiff

1  were to respond to discovery and produce Mr. Murray for deposition, defendants could prepare
2  their defense, including a list of witnesses, in a matter of weeks.
3  　　　It should be noted that plaintiff's counsel has stated that "Plaintiff may also suffer
4  significant prejudice and increased costs and expenses in the event that plaintiff's counsel is
5  unable to continue representation past the dates currently schedule for trial."  (Docket #78).
6  However, any claimed prejudice to plaintiff is the result of the consequences of his own actions in
7  failing to respond to discovery and appear for deposition.
8  　　　There have been no further settlement efforts.

Dated: February 26, 2010                        CRAIGIE, McCARTHY & CLOW

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/James M. Hanavan_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　By: James M. Hanavan
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SAFER TECHNOLOGIES, INC.,
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CERMA TECHNOLOGY, INC.,
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　GEORGE ACKERSON,
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　MARY STRANAHAN,
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　NICHOLAS STREIT and
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　EDWARD HALBACH

Dated: February 26, 2010                        WEEMS LAW OFFICE

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ *Robert C. Weems*_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　By: Robert C. Weems
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　MOTOR WORKS LLC