IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Motor Works, LLC, | NO. C 08-03608 JW |
| Plaintiff, | **SUPPLEMENTAL FINDINGS OF FACTS AND CONCLUSIONS OF LAW FOLLOWING BENCH TRIAL** |
| v. | |
| Safer Technologies, Inc., et al., | |
| Defendants. | |

This case was tried to the Court on March 30–April 1, 2010. At the conclusion of the trial, the Court stated its findings of facts and conclusions of law on the record. See Fed. R. Civ. P. 52(a). However, the Court invited supplemental briefing from the parties with respect to the following defenses raised by Defendants: (a) whether Plaintiff has standing to assert claims involving the trademarks at issue; and (b) whether the judgment may apply to the individual Defendants.[1]

Presently before the Court are the parties' supplemental briefs.[2] In addition to addressing the two issues requested by the Court, Plaintiff requests attorney fees and Defendants request that the Court adopt additional findings of facts and conclusions of law.[3]

---

[1] (Order Following Trial, hereafter, "Order," Docket Item No. 99.) The individual Defendants are George Ackerson (erroneously sued as George Ackerman), Mary Stranahan, Nicholas Streit, Tim Streit, and Edward Halbach. The Court also invited briefing regarding whether any additional relief was warranted as to Plaintiff's state law claims. Since Plaintiff has failed to brief that issue to seek any other remedies under the state law claims, the Court will not address those claims.

[2] (Plaintiff Motor Works LLC Post-Trial Brief Re: Standing, Individual Officer and Director Liability and Attorney's Fees, hereafter, "Plaintiff's Brief," Docket Item No. 103; Defendants' Post-Trial Brief Pursuant to the Court's April 1, 2010 Order Following Trial, hereafter, "Defendants' Brief," Docket Item No. 100.)

[3] (See Defendants' Additional Proposed Findings of facts and Law, hereafter, "Defendants Additional Findings," Docket Item No. 101.)

### A. **Plaintiff's Standing**

Plaintiff contends that it has standing on the grounds that the product labels put into evidence state that the Cermax mark is licensed from Plaintiff and that Mr. Murray, Plaintiff's owner and principal, testified that Plaintiff owned everything that he created. (Plaintiff's Brief at 3-4.) Defendants contend that Cerma Organic International, Inc. is an indispensable party because Plaintiff granted it a "full license" to the STM-3 product. (Defendants' Brief at 4.)

To have standing under the Lanham Act, a plaintiff must prove that he is "(1) the owner of a federal mark registration, (2) the owner of an unregistered mark, or (3) a nonowner with a cognizable interest in the allegedly infringed trademark." Halicki Films, LLC v. Sanderson Sales & Mktg., 547 F.3d 1213, 1225 (9th Cir. 2008); see 15 U.S.C. §§ 1114(1), 1125(a).

Here, the Court found that Mr. Murray was the first to use the Cermax mark and that the product label and bar codes were originated by Mr. Murray.[4] Mr. Murray testified that Plaintiff owned all of his intellectual property and that Plaintiff, not Mr. Murray, would be the entity to grant rights to use Cermax and other marks to distributors. (Transcript at 46-52.) For example, Plaintiff granted to Cerma Organic International a non-exclusive license to use the Cermax mark and other marks.[5] Moreover, Defendants' contention that Mr. Murray testified to granting Cerma Organic International a "full license" to the STM-3 motor oil additive product does not bear on the issue of whether Plaintiff owned the Cermax mark and related marks. (See Transcript at 480:15-18.) Under these facts, the Court finds that Plaintiff has produced sufficient evidence to establish that it owned the trademarks at issue in this case.

Accordingly, the Court finds that Plaintiff has standing to assert its claims pertaining to the trademarks at issue.

---

[4] (Transcript of the Proceedings held on April 1, 2010 at 478:2-19, 482:3-6, hereafter, "Transcript," Docket Item No. 106.)

[5] (See Weems Declaration in Support of Plaintiff Motor Works LLC Post-Trial Brief Re Standing, Individual Officer and Director Liability and Attorney Fees, Ex. 5, hereafter, "Weems Decl.," Docket Item No. 104.)

Defendants request that the Court make the following additional findings of facts and conclusions of law:

(1) The standard test of ownership of a trademark is priority of use.

(2) That the Court delete from it's April 1, 2010 findings on the record: ". . . and that the distributor may not take the name Cermax without there being a contractual relationship between the parties where the manufacturer gives over to the distributor ownership of the name that the parties—that the manufacturer has dictated the product to be sold under." (Transcript at 484:19-24.)

(3) That the Court delete from it's April 1, 2010 findings on the record: "And so for those reasons the Court finds that after Mr. Murray sent to Cerma Technology, Inc., and to Mr. Streit and to those associated with him the cease and desist letter, any further use of that name was in violation of the Lanham Act because at that point they no longer had use of the name and it became a false designation of the true owner of Cermax." (Transcript at 485:24-486:6.)

(4) Defendant Cerma Technology, Inc. ("Cerma") was the first to use the CERMAX trademark in the sale of goods.

(5) Defendant Cerma was the rightful owner of the CERMAX trademark at all relevant times.

(6) Defendant Cerma is a wholly owned subsidiary of Defendant Safer Technologies ("Safer"), and Defendants Cerma and Safer registered the Cermax trademark on the principal register.

(7) Defendant Safer requested that Plaintiff cease and desist use of the CERMAX trademark.

(8) The cermatechnology.com website was first registered to hostedweb.net, which is owned by Defendant Tim Streit.

(9) Neither John Murray nor any of his various entities ever registered, created, owned or operated the cermatechnology.com website.

(Defendants' Additional Findings at 2-3, Docket Item No. 101.) The Court declines to make the findings of facts requested by Defendants because they are contradictory to the findings the Court made on the record. Moreover, certain of Defendants' proposed additional findings such that Cerma was the rightful owners of the CERMAX trademark at all relevant times are not supported by the evidence. Essentially, Defendants' proposed additional findings of facts request that the Court rule in their favor even though the Court's findings on the record state otherwise.

Accordingly, the Court declines to make the additional findings of facts as proposed by Defendants.

3

### B. Liability of Individual Defendants

Plaintiff contends that the Individual Defendants are liable on the ground that they actively and knowingly participated in the trademark infringement.[6] Defendants contend that the individual Defendants are not liable because they acted only in their capacity as officers of the corporate Defendants. (Defendants' Brief at 3.)

"[A] corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 823 (9th Cir. 1996). "Cases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct, . . . or the 'central figure' in the challenged corporate activity." Davis v. Metro Productions, Inc., 885 F.2d 515, 523 n.10 (9th Cir. 1989). Under such circumstances, both the corporation and the officers or directors who participated in the tortious conduct may be held liable. See Moseley v. U.S. Appliance Corp., 155 F.2d 25, 27 (9th Cir. 1946); Pai Corp. v. Integrated Sci. Solutions, Inc., No. C-06-5349 JSW (JCS), 2007 WL 1229329, at *9 (N.D. Cal. Apr. 25, 2007).

Based on the supplemental briefing and the record as a whole, the Court finds that Defendant George Ackerson can be held personally liable. First, the evidence showed that Defendant Ackerson was the founder and principal owner of Defendant Safer.[7] Second, the evidence showed that Defendant Ackerson was the "central figure" and "guiding spirit" in the unauthorized use of Plaintiff's marks. On the other hand, the Court does not find support in the record for holding Defendants Mary Stranahan, Nicholas Streit, or Edward Halbach personally liable.

Accordingly, the Court finds that Defendant Ackerson is jointly and severally liable with Defendants Safer and Cerma.

---

[6] (Plaintiff's Brief at 6.) Plaintiff voluntarily dismisses Defendant Tim Streit. (Id. at 5.)

[7] (See, e.g., Docket Item No. 71.)

4

**C.      Attorney Fees**

Plaintiff contends that it should be awarded attorney fees on the ground that this is an "exceptional case." (Plaintiff's Brief at 9.)

In "exceptional cases" brought under the Lanham Act, a court "may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Lanham Act does not define "exceptional" cases, but "generally a trademark case is exceptional for purposes of an award of attorney[] fees when the infringement is malicious, fraudulent, deliberate, or willful." Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1409 (9th Cir. 1993) (superceded by statute on separate grounds); see also Gracie v. Gracie, 217 F.3d 1060, 1071 (9th Cir. 2000) ("Exceptional circumstances can be found when the non-prevailing party's case is 'groundless, unreasonable, vexatious, or pursued in bad faith.'").

Here, the Court has not made a finding of malicious, fraudulent, deliberate, or willful infringement. The Court has also not made a finding that Defendants' case was groundless or vexatious. Thus, the Court finds no evidence to support a finding that the case is "exceptional."

Accordingly, the Court DENIES Plaintiff's request for attorney fees.

**D.      Conclusion**

The Court finds that Plaintiff has standing to assert its claims. The Court finds that Defendant Ackerson is jointly and severally liable for the infringement by the corporate Defendants. The Court DENIES Plaintiff's request for attorney fees.

Judgment shall be entered accordingly.

Dated: June 8, 2010

JAMES WARE
United States District Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

James Mitchell Hanavan craigielaw@aol.com
Robert Chipley Weems rcweems@weemslawoffices.com

**Dated: June 8, 2010**                              **Richard W. Wieking, Clerk**

                                                     **By:     /s/ JW Chambers
                                                           Elizabeth Garcia
                                                           Courtroom Deputy**