James M. Hanavan, State Bar No. 66097
Kristen E. Drake, State Bar No. 202827
CRAIGIE, McCARTHY & CLOW
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 732-7788
Facsimile: (415) 732-7783

Attorneys for Defendants
SAFER TECHNOLOGIES, INC.,
CERMA TECHNOLOGY, INC.,
GEORGE ACKERSON, MARY STRANAHAN,
NICHOLAS STREIT and EDWARD HALBACH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOTOR WORKS LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>SAFER TECHNOLOGIES, INC., CERMA TECHNOLOGY, INC., GEORGE ACKERMAN, MARY STRANAHAN, NICHOLAS STREIT, TIM STREIT and EDWARD HALBACH,<br><br>    Defendants. | Case No.: 08-CV-03608 JW<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S AMENDED BILL OF COSTS**<br><br>**Local Rule 54-2** |

Pursuant to Local Rule 54-2, defendants Safer Technologies, Inc., Cerma Technology, Inc., George Ackerson, Mary Stranahan, Nicholas Streit and Edward Halbach ("defendants") object to the following items of cost claimed by plaintiff:

**1.** **Notice of Stipulation Regarding "Fees for Service of Summons and Subpoena"**

The parties stipulate that the allowable, recoverable costs for this category are $420. [Declaration of Kristen E. Drake ("Drake Decl.") at ¶ 2.]

**2.** **Objection to "Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained For Use in The Case" in the Amount of $3,161.50**

Grounds:

In its July 26, 2010 Order, this Court denied plaintiff's claimed reporter's transcripts

1

Defendants' Objections to Plaintiff's Amended Bill of Costs

costs. Yet, plaintiff is again requests these costs in its Amended Cost Bill. Such request is an improper attempt at reconsideration of the court's order and should be denied.

As stated in defendants' original objections, Civil Local Rule 54-3(b) specifies the two circumstances in which the cost of a reporters' transcript is recoverable: "(1) The cost of transcripts necessarily obtained for an appeal is allowable; (2) The cost of a transcript of a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel is allowable;" and further provides that "(3) The cost of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulate to be recoverable by counsel." As this Court previously ruled, none of these circumstances is applicable here. None of the cases cited by plaintiff are Ninth Circuit cases and none apply Civil Local Rule 54-3(b).

In addition, defendants note that plaintiff's $3,161.50 in transcript costs includes expedited costs of $1,610.00 and apparently daily costs of $1,551.50. In comparison, defendants' counsel obtained a transcript of the afternoon session of the third day of the trial for $107.10. [Drake Decl. at ¶ 3, Exhibit "A" thereto.] Regardless, plaintiff's claimed reporter's transcripts costs are not authorized and should be denied.

### 3. Objection to "Fees for Witnesses" in the Amount of $3,732.80

Defendants do not contest the $40 per person attendance fees for Dea Shores, John Sapherstein and Jeffrey Gonzales, or Mr. Gonzales' $175.40 airfare or Mr. Sapherstein's $5 airfare. Defendants do contest the remaining $3,732.80 in witness fees.

Grounds:

#### a) John Murray

Defendants contest the $1,973.00 in witness fees for John Murray as he is the plaintiff-representative in this action. Parties may not recover witness fees for their own trial attendance. *Barber v. Ruth* (7th Cir. 1993) 7 F.3d 636, 646; *Phillips v. Bartoo* (ND IL 1995) 161 FRD 352, 354. In this case, as plaintiff is an entity and can only appear through an individual representative, Mr. Murray's "witness" fees should be disallowed.

Notwithstanding that recovery of witness fees for Mr. Murray would be inappropriate in this case, plaintiff's calculation of witness fees directly contradicts its own attached receipts. For

1  example, plaintiff's counsel declares that "Mr. Murray incurred economy class airfare expenses
2  of $556.60 (1/3 of airfare Dallas to San Jose, as per attached Cheap Tickets confirmation)."
3  [Weems Declaration at ¶ 10.] But, the attached receipt clearly states that the Cheap Tickets
4  reservation includes "flights, 1 hotel reservation and car rental." [2nd, 4th and 5th pages attached to
5  Weems Declaration and labeled with handwritten notation "p1 of 4."] Moreover, the "flights" are
6  for 3 individuals: John Murray, Michael Shoars and Deanna Shoars. [3rd page attached to Weems
7  Declaration and labeled with handwritten notation "p 2 of 4."] Mr. Shoars did not testify at the
8  trial. Witness fees for Mr. Murray should be excluded in their entirety and the claimed lodging
9  per diem of $132*3 is contradictory to plaintiff's own evidence that the reservation included
10 lodging.

  **b)**   **Dea Shores**

12   Defendants contest three days of witness fees for Ms. Shores when plaintiff could have
13 had her testify earlier. Further, apparently, Ms. Shores made a 14-hour drive from Iowa to Texas
14 in order to board a plane in Texas bound for San Jose, California. Plaintiff seeks reimbursement
15 for 1,726 miles, totaling $863. Defendants object to the mileage charge as driving 14 hours to
16 board a plane is unreasonable. Defendants further object to the itemized airfare and lodging totals
17 in Paragraph 17 of the Weems Declaration as the receipt provided clearly states that the Cheap
18 Tickets reservation includes "flights, 1 hotel reservation and car rental." [2nd, 4th and 5th pages
19 attached to Weems Declaration and labeled with handwritten notation "p1 of 4."] Moreover, the
20 "flights" are for 3 individuals: John Murray, Michael Shoars and Deanna Shoars. [3rd page
21 attached to Weems Declaration and labeled with handwritten notation "p 2 of 4."]

  **c)**   **Jon Sapherstein**

23   The actual cost of Mr. Sapherstein's ticket from Los Angeles was $5.00 as he chose to use
24 his frequent flier miles. 28 U.S.C. section 1821(c)(1) only allows recovery of "the actual
25 expenses" incurred and "a receipt or other evidence of actual cost shall be furnished." The actual
26 cost of the flight was $5.00 and no additional monies should be awarded. Further, 28 U.S.C.
27 section 1821(d)(1) provides for a subsistence allowance only "when an overnight stay is required
28 at the place of attendance because such place is so far removed from the residence of such witness

Defendants' Objections to Plaintiff's Amended Bill of Costs

1  as to prohibit return thereto from day to day." Travel between southern California and northern
2  California does not require an overnight stay and no receipt is provided. Thus, defendants object
3  to any subsistence charges.

**d)** **Jeffrey Gonzales**

Mr. Gonzales flew from San Diego to San Jose. Again, as travel between southern California and northern California does not require an overnight stay and no receipt is provided, defendants object to any subsistence charges.

**4.** **Objection to "Other Costs" in the Amount of $560.20**

Grounds:

Although plaintiff identifies the "other costs" as "airfare (DFW-SJO) Plaintiff Rep. Attend Court Ordered Mediation", the $560.20 actually includes "lodging per diem" and "meals per diem." [Weems Declaration at ¶ 13, lines 23-27.] Nevertheless, 28 U.S.C. § 1821 only applies to witnesses and an individual participating in a mediation session is not a sworn witness. Costs in this category should be disallowed.

Dated: August 20, 2010                                  CRAIGIE, McCARTHY & CLOW


_____*/s/ James M. Hanavan*_____
By: James M. Hanavan
Attorneys for Defendants
SAFER TECHNOLOGIES, INC.,
CERMA TECHNOLOGY, INC.,
GEORGE ACKERSON,
MARY STRANAHAN,
NICHOLAS STREIT and
EDWARD HALBACH

4

Defendants' Objections to Plaintiff's Amended Bill of Costs